# EXHIBIT A



## STATE OF CALIFORNIA
# DEPARTMENT OF TRANSPORTATION

---

# EXECUTION
# OF
# CONTRACT

### FOR CONSTRUCTION ON
# STATE HIGHWAY
### IN

**DEL NORTE COUNTY ABOUT 7 MILES NORTH OF
GASQUET AT VARIOUS LOCATIONS FROM 0.5 MILE
NORTH OF MIDDLE FORK SMITH RIVER BRIDGE 01-0019
TO 0.8 MILE NORTH OF MIDDLE FORK SMITH RIVER
BRIDGE 01-0016**

### DISTRICT 01 ROUTE 199

---

For use in Connection with Standard Specifications Dated July 10 , Standard Plans Dated July 10, and Labor Surcharge and Equipment Rental Rates.

---

**Contract No. 01-479404**

**01-DN-199-20.3/25.9**

**NHP-P199(033)E**　　　　　　　FLATIRON WEST INC

Please return Contracts Within 10 Days to:

Department of Transportation
Attn: Office Engineer MS 43
1727 30th Street
Sacramento CA 95816

**Bids Open:** October 1, 2013

**BIDDERS PLEASE NOTE**
Bid Summaries available at:
http://www.dot.ca.gov/hq/esc/oe/



# DEPARTMENT OF TRANSPORTATION

### CONTRACT NO. 01-479404

DEC 1 0 2013

THIS AGREEMENT, made and concluded, in duplicate,
between the State of California, by the Department of Transportation thereof, party of the first part, and

## FLATIRON WEST INC
2100 GOODYEAR RD
BENICIA CA 94510

**License:** 772589     **Class:** A     **Phone:** (707) 742-6000

Contractor, party of the second part.

ARTICLE I.-- WITNESSETH, That for and in consideration of the payments and agreements hereinafter mentioned, to be made and performed by the said party of the first part, and under the conditions expressed in the 2 bonds, bearing even date with these presents, and hereunto annexed, the said party of the second part agrees with the said party of the first part, at his own proper cost and expense, to do all the work and furnish all the materials, except such as are mentioned in the specifications to be furnished by said party of the first part, necessary to construct and complete in a good, workmanlike and substantial manner and to the satisfaction of the Department of Transportation, the work described in the special provisions and the project plans described below, including any addenda thereto, and also in accordance with the Department of Transportation Standard Plans, dated July, 2010, the Standard Specifications, dated July, 2010, and the Labor Surcharge And Equipment Rental Rates in effect on the date the work is accomplished, which said special provisions, project plans, Standard Plans, Standard Specifications, and Labor Surcharge And Equipment Rental Rates are hereby specially referred to and by such reference made a part hereof.

The special provisions for the work to be done are dated August 12,2013 and are entitled:

STATE OF CALIFORNIA; DEPARTMENT OF TRANSPORTATION; NOTICE TO CONTRACTORS AND SPECIAL PROVISIONS FOR CONSTRUCTION ON STATE HIGHWAY IN DEL NORTE COUNTY ABOUT 7 MILES NORTH OF GASQUET AT VARIOUS LOCATIONS FROM 0.5 MILE NORTH OF MIDDLE FORK SMITH RIVER BRIDGE 01-0019 TO 0.8 MILE NORTH OF MIDDLE FORK SMITH RIVER BRIDGE 01-0016

The project plans for the work to be done were approved June 24,2013 and are entitled:

STATE OF CALIFORNIA; DEPARTMENT OF TRANSPORTATION; PROJECT PLANS FOR CONSTRUCTION ON STATE HIGHWAY IN DEL NORTE COUNTY ABOUT 7 MILES NORTH OF GASQUET AT VARIOUS LOCATIONS FROM 0.5 MILE NORTH OF MIDDLE FORK SMITH RIVER BRIDGE 01-0019 TO 0.8 MILE NORTH OF MIDDLE FORK SMITH RIVER BRIDGE 01 -0016

Type of Work:     Widen shoulders with HMA over AB, replace bridge and const ret walls.

**ARTICLE II.--** The said party of the first part hereby promises and agrees with the said Contractor to employ, and does hereby employ, the said Contractor to provide the materials and to do the work .ccording to the terms and conditions herein contained and referred to, for the prices hereinafter set forth, and hereby contracts to pay the same at the time, in the manner and upon the conditions herein set forth; and the said parties for themselves, their heirs, executors, administrators, successors and assigns, do hereby agree to the full performance of the covenants herein contained.

**ARTICLE III.--** The statement of prevailing wages appearing in the General Prevailing Wage Rates is hereby specifically referred to and by this reference is made a part of this contract. It is further expressly agreed by and between the parties hereto that should there be any conflict between the terms of this instrument and the bid or proposal of said Contractor, then this instrument shall control and nothing herein shall be considered as an acceptance of the said terms of said proposal conflicting herewith.

**ARTICLE IV.--** By my signature hereunder, as Contractor, I certify that I am aware of the provisions of Section 3700 of the Labor Code which require every employer to be insured against liability for workmen's compensation or to undertake self-insurance in accordance with the provisions of that code, and I will comply with such provisions before commencing the performance of the work of this contract.

**ARTICLE V.--** And the said Contractor agrees to receive and accept the following price or prices as full compensation for furnishing all materials and for doing all the work contemplated and embraced in this agreement; also for all loss or damage, arising out of the nature of the work aforesaid, or from the action of the elements, or from any unforeseen difficulties or obstructions which may arise or be encountered in the prosecution of the work until its acceptance by the Department of Transportation, and for all risks of every description connected with the work; also for all expenses incurred by or in consequence of the suspension or discontinuance of work and for well and faithfully completing the work, and the whole thereof, in the manner and according to the plans and special provisions, and the requirements of the Engineer under them, to wit:

01-479404

*Revised* 

| ITEM NO. | ITEM CODE | ITEM DESCRIPTION | UNIT OF MEASURE | ESTIMATED QUANTITY | BID | AMOUNT |
|---|---|---|---|---|---|---|
| 1 | 070030 | LEAD COMPLIANCE PLAN | LS | LUMP SUM | 4,000.00 | 4,000.00 |
| 2 | 080050 | PROGRESS SCHEDULE (CRITICAL PATH METHOD) | LS | LUMP SUM | 5,500.00 | 5,500.00 |
| 3 | 090100 | TIME-RELATED OVERHEAD (WDAY) | WDAY | 400 | 3,000.00 | 1,200,000.00 |
| 4 | 120090 | CONSTRUCTION AREA SIGNS | LS | LUMP SUM | 10,000.00 | 10,000.00 |
| 5 | 120100 | TRAFFIC CONTROL SYSTEM | LS | LUMP SUM | 200,000.00 | 200,000.00 |
| 6 | 120149 | TEMPORARY PAVEMENT MARKING (PAINT) | SQFT | 48 | 12.00 | 576.00 |
| 7 | 120159 | TEMPORARY TRAFFIC STRIPE (PAINT) | LF | 8,800 | 1.00 | 8,800.00 |
| 8 | 026136 | TEMPORARY PORTABLE TRANSVERSE RUMBLE STRIP | LF | 140 | 185.00 | 25,900.00 |
| 9 | 120165 | CHANNELIZER (SURFACE MOUNTED) | EA | 85 | 35.00 | 2,975.00 |
| 10 | 120199 | TRAFFIC PLASTIC DRUM | EA | 7 | 135.00 | 945.00 |
| 11 | 120300 | FLASHING BEACON (PORTABLE) | EA | 6 | 500.00 | 3,000.00 |
| 12 | 026137 | TEMPORARY SIGNAL SYSTEM (LOCATION 1) | LS | LUMP SUM | 200,000.00 | 200,000.00 |
| 13 | 026138 | TEMPORARY SIGNAL SYSTEM (LOCATION 2) | LS | LUMP SUM | 225,000.00 | 225,000.00 |
| 14 | 128652 | PORTABLE CHANGEABLE MESSAGE SIGN (LS) | LS | LUMP SUM | 50,000.00 | 50,000.00 |
| 15 | 129000 | TEMPORARY RAILING (TYPE K) | LF | 2,540 | 33.00 | 83,820.00 |
| 16 | 026139 | ALTERNATIVE TEMPORARY CRASH CUSHIONS | EA | 8 | 5,800.00 | 46,400.00 |
| 17 | 026140 | RELOCATE ALTERNATIVE TEMPORARY CRASH CUSHION | EA | 3 | 500.00 | 1,500.00 |
| 18 | 130100 | JOB SITE MANAGEMENT | LS | LUMP SUM | 200,000.00 | 200,000.00 |
| 19 | 130300 | PREPARE STORM WATER POLLUTION PREVENTION PLAN | LS | LUMP SUM | 5,000.00 | 5,000.00 |
| 20 | 130310 | RAIN EVENT ACTION PLAN | EA | 100 | 500.00 | 50,000.00 |
| 21 | 130320 | STORM WATER SAMPLING AND ANALYSIS DAY | EA | 150 | 150.00 | 22,500.00 |
| 22 | 130330 | STORM WATER ANNUAL REPORT | EA | 4 | 2,000.00 | 8,000.00 |
| 23 | 130505 | MOVE-IN/MOVE-OUT (TEMPORARY EROSION CONTROL) | EA | 3 | 500.00 | 1,500.00 |
| 24 | 130510 | TEMPORARY MULCH | SQYD | 240 | 10.00 | 2,400.00 |
| 25 | 130570 | TEMPORARY COVER | SQYD | 2,460 | 3.00 | 7,380.00 |
| 26 | 130610 | TEMPORARY CHECK DAM | LF | 480 | 20.00 | 9,600.00 |
| 27 | 130620 | TEMPORARY DRAINAGE INLET PROTECTION | EA | 8 | 500.00 | 4,000.00 |
| 28 | 130640 | TEMPORARY FIBER ROLL | LF | 1,090 | 3.00 | 3,270.00 |
| 29 | 130650 | TEMPORARY GRAVEL BAG BERM | LF | 140 | 12.00 | 1,680.00 |
| 30 | 130670 | TEMPORARY REINFORCED SILT FENCE | LF | 790 | 7.50 | 5,925.00 |
| 31 | 130680 | TEMPORARY SILT FENCE | LF | 540 | 4.00 | 2,160.00 |
| 32 | 130710 | TEMPORARY CONSTRUCTION ENTRANCE | EA | 4 | 3,500.00 | 14,000.00 |
| 33 | 130730 | STREET SWEEPING | LS | LUMP SUM | 200,000.00 | 200,000.00 |
| 34 | 130900 | TEMPORARY CONCRETE WASHOUT | LS | LUMP SUM | 10,000.00 | 10,000.00 |



| ITEM NO. | ITEM CODE | ITEM DESCRIPTION | UNIT OF MEASURE | ESTIMATED QUANTITY | BID | AMOUNT |
|---|---|---|---|---|---|---|
| 35 | 026141 | WATER QUALITY SAMPLING AND ANALYSIS DAY | EA | 300 | 200.00 | 60,000.00 |
| 36 | 026142 | WATER QUALITY MONITORING REPORT | EA | 36 | 500.00 | 18,000.00 |
| 37 | 026143 | WATER QUALITY ANNUAL REPORT | EA | 4 | 2,500.00 | 10,000.00 |
| 38 | 140003 | ASBESTOS COMPLIANCE PLAN | LS | LUMP SUM | 2,500.00 | 2,500.00 |
| 39 | 141000 | TEMPORARY FENCE (TYPE ESA) | LF | 190 | 6.00 | 1,140.00 |
| 40 | 141103 | REMOVE YELLOW THERMOPLASTIC TRAFFIC STRIPE (HAZARDOUS WASTE) | LF | 3,970 | 3.00 | 11,910.00 |
| 41 | 141120 | TREATED WOOD WASTE | LB | 19,100 | .25 | 4,775.00 |
| 42 | 146001 | CONTRACTOR-SUPPLIED BIOLOGIST (DAY) | WDAY | 300 | 650.00 | 195,000.00 |
| 43 | 146003 | NATURAL RESOURCE PROTECTION PLAN | LS | LUMP SUM | 10,000.00 | 10,000.00 |
| 44 | 026144 | CONTRACTOR SUPPLIED ARBORIST (DAY) | WDAY | 5 | 800.00 | 4,000.00 |
| 45 | 149001 | DUST CONTROL PLAN (NATURALLY OCCURING ASBESTOS) | LS | LUMP SUM | 2,500.00 | 2,500.00 |
| 46 | 150203 | ABANDON CULVERT (EA) | EA | 1 | 3,700.00 | 3,700.00 |
| 47 | 026145 | ABANDON DOWNDRAIN | EA | 1 | 1,900.00 | 1,900.00 |
| 48 | 150630 | REMOVE MARKER | EA | 2 | 240.00 | 480.00 |
| 49 | 150662 | REMOVE METAL BEAM GUARD RAILING | LF | 1,470 | 5.00 | 7,350.00 |
| 50 | 150711 | REMOVE PAINTED TRAFFIC STRIPE | LF | 1,390 | 1.50 | 2,085.00 |
| 51 | 150712 | REMOVE PAINTED PAVEMENT MARKING | SQFT | 24 | 15.00 | 360.00 |
| 52 | 150722 | REMOVE PAVEMENT MARKER | EA | 170 | 3.00 | 510.00 |
| 53 | 150740 | REMOVE SIGN | EA | 12 | 85.00 | 1,020.00 |
| 54 | 150801 | REMOVE OVERSIDE DRAIN | EA | 2 | 570.00 | 1,140.00 |
| 55 | 150808 | REMOVE CULVERT (EA) | EA | 5 | 1,000.00 | 5,000.00 |
| 56 | 150814 | REMOVE DOWNDRAIN (EA) | EA | 3 | 1,000.00 | 3,000.00 |
| 57 | 150820 | REMOVE INLET | EA | 6 | 1,100.00 | 6,600.00 |
| 58 | 150821 | REMOVE HEADWALL | EA | 4 | 1,600.00 | 6,400.00 |
| 59 | 026116 | REMOVE CABLE ANCHORAGE SYSTEM | EA | 1 | 1,000.00 | 1,000.00 |
| 60 | 150860 | REMOVE BASE AND SURFACING | CY | 2,940 | 35.00 | 102,900.00 |
| 61 | 026147 | RECONSTRUCT GABION WALL | LS | LUMP SUM | 15,000.00 | 15,000.00 |
| 62 | 026148 | RELOCATE TEMPORARY RAILING (TYPE K) | LF | 1,000 | 9.00 | 9,000.00 |
| 63 | 153103 | COLD PLANE ASPHALT CONCRETE PAVEMENT | SQYD | 1,320 | 25.00 | 33,000.00 |
| 64 | 157550 | BRIDGE REMOVAL | LS | LUMP SUM | 250,000.00 | 250,000.00 |
| 65 | 160102 | CLEARING AND GRUBBING (LS) | LS | LUMP SUM | 100,000.00 | 100,000.00 |
| 66 | 170101 | DEVELOP WATER SUPPLY | LS | LUMP SUM | 20,000.00 | 20,000.00 |
| 67 | 190101 | ROADWAY EXCAVATION | CY | 5,100 | 50.00 | 255,000.00 |
| 68 | 190109 | ROADWAY EXCAVATION (NATURALLY OCCURRING ASBESTOS) | CY | 800 | 60.00 | 48,000.00 |
| 69 (F) | 026149 | STRIPPING EXCAVATION | CY | 1,192 | 60.00 | 71,520.00 |



| ITEM NO. | ITEM CODE | ITEM DESCRIPTION | UNIT OF MEASURE | ESTIMATED QUANTITY | BID | AMOUNT |
|---|---|---|---|---|---|---|
| 70 | 026150 | SELECTED MATERIAL (CY) | CY | 180 | 140.00 | 25,200.00 |
| 71 | 190105 | SHOULDER BACKING | TON | 350 | 60.00 | 21,000.00 |
| 72 (F) | 192003 | STRUCTURE EXCAVATION (BRIDGE) | CY | 727 | 150.00 | 109,050.00 |
| 73 | 192009 | STRUCTURE EXCAVATION (NATURALLY OCCURRING ASBESTOS) | CY | 62 | 100.00 | 6,200.00 |
| 74 (F) | 192020 | STRUCTURE EXCAVATION (TYPE D) | CY | 595 | 150.00 | 89,250.00 |
| 75 (F) | 192037 | STRUCTURE EXCAVATION (RETAINING WALL) | CY | 625 | 100.00 | 62,500.00 |
| 76 (F) | 192049 | STRUCTURE EXCAVATION (SOLDIER PILE WALL) | CY | 236 | 150.00 | 35,400.00 |
| 77 (F) | 193001 | STRUCTURE BACKFILL (BRIDGE) | CY | 735 | 100.00 | 73,500.00 |
| 78 (F) | 193013 | STRUCTURE BACKFILL (RETAINING WALL) | CY | 283 | 120.00 | 33,960.00 |
| 79 (F) | 193029 | STRUCTURE BACKFILL (SOLDIER PILE WALL) | CY | 152 | 225.00 | 34,200.00 |
| 80 (F) | 193116 | CONCRETE BACKFILL (SOLDIER PILE WALL) | CY | 283 | 200.00 | 56,600.00 |
| 81 (F) | 193118 | CONCRETE BACKFILL | CY | 273 | 250.00 | 68,250.00 |
| 82 (F) | 193119 | LEAN CONCRETE BACKFILL | CY | 66 | 210.00 | 13,860.00 |
| 83 | 207011 | MULCH | CY | 62 | 100.00 | 6,200.00 |
| 84 | 210010 | MOVE-IN/MOVE-OUT (EROSION CONTROL) | EA | 4 | 1,000.00 | 4,000.00 |
| 85 | 210280 | ROLLED EROSION CONTROL PRODUCT (BLANKET) | SQFT | 8,260 | 1.00 | 8,260.00 |
| 86 | 210300 | HYDROMULCH | SQFT | 23,300 | .05 | 1,165.00 |
| 87 | 210350 | FIBER ROLLS | LF | 75 | 8.00 | 600.00 |
| 88 | 210420 | STRAW | SQFT | 23,300 | .10 | 2,330.00 |
| 89 | 210430 | HYDROSEED | SQFT | 52,460 | .35 | 18,361.00 |
| 90 | 210600 | COMPOST | SQFT | 23,300 | 1.00 | 23,300.00 |
| 91 | 210630 | INCORPORATE MATERIALS | SQFT | 21,800 | .10 | 2,180.00 |
| 92 | 260203 | CLASS 2 AGGREGATE BASE (CY) | CY | 1,890 | 60.00 | 113,400.00 |
| 93 | 390011 | PREPAVING INERTIAL PROFILER | LS | LUMP SUM | 5,500.00 | 5,500.00 |
| 94 | 390020 | PREPAVING GRINDING DAY | EA | 2 | 16,000.00 | 32,000.00 |
| 95 | 390132 | HOT MIX ASPHALT (TYPE A) | TON | 3,480 | 153.00 | 532,440.00 |
| 96 | 390134 | HOT MIX ASPHALT (OPEN GRADED) | TON | 1,710 | 165.00 | 282,150.00 |
| 97 | 390135 | HOT MIX ASPHALT (LEVELING) | TON | 790 | 175.00 | 138,250.00 |
| 98 | 391007 | PAVING ASPHALT (BINDER, GEOSYNTHETIC PAVEMENT INTERLAYER) | TON | 1.2 | 7,500.00 | 9,000.00 |
| 99 | 393004 | GEOSYNTHETIC PAVEMENT INTERLAYER (PAVING FABRIC) | SQYD | 1,070 | 6.50 | 6,955.00 |
| 100 | 026151 | CENTERLINE RUMBLE STRIP | STA | 44 | 100.00 | 4,400.00 |
| 101 | 394077 | PLACE HOT MIX ASPHALT DIKE (TYPE F) | LF | 460 | 12.00 | 5,520.00 |
| 102 | 397005 | TACK COAT | TON | 11 | 1,350.00 | 14,850.00 |
| 103 | 460210 | GROUND ANCHOR (SUBHORIZONTAL) | EA | 36 | 8,000.00 | 288,000.00 |
| 104 | 480300 | TEMPORARY SUPPORT | LS | LUMP SUM | 25,000.00 | 25,000.00 |



| ITEM NO. | ITEM CODE | ITEM DESCRIPTION | UNIT OF MEASURE | ESTIMATED QUANTITY | BID | AMOUNT |
|---|---|---|---|---|---|---|
| 105 | 026152 | TEMPORARY RETAINING WALL | SQFT | 680 | 50.00 | 34,000.00 |
| 106 | 026153 | STEEL SOLDIER PILE (C 15 X 50) | LF | 1,820 | 50.00 | 91,000.00 |
| 107 | 044391 | STEEL SOLDIER PILE (W 16 X 67) | LF | 259 | 65.00 | 16,835.00 |
| 108 | 044392 | STEEL SOLDIER PILE (W 18 X 106) | LF | 260 | 80.00 | 20,800.00 |
| 109 | 044393 | STEEL SOLDIER PILE (W 18 X 143) | LF | 700 | 100.00 | 70,000.00 |
| 110 | 490316 | STEEL SOLDIER PILE (HP 14 X 73) | LF | 210 | 66.00 | 13,860.00 |
| 111 | 490400 | 24" DRILLED HOLE | LF | 259 | 90.00 | 23,310.00 |
| 112 | 490403 | 30" DRILLED HOLE | LF | 1,811 | 120.00 | 217,320.00 |
| 113 | 490601 | 18" CAST-IN-DRILLED-HOLE CONCRETE PILING | LF | 336 | 650.00 | 218,400.00 |
| 114 | 490605 | 36" CAST-IN-DRILLED-HOLE CONCRETE PILING | LF | 100 | 1,200.00 | 120,000.00 |
| 115 | 490606 | 42" CAST-IN-DRILLED-HOLE CONCRETE PILING | LF | 303 | 1,500.00 | 454,500.00 |
| 116 | 490607 | 48" CAST-IN-DRILLED-HOLE CONCRETE PILING | LF | 24 | 2,000.00 | 48,000.00 |
| 117 | 495000 | MICROPILE | EA | 55 | 4,500.00 | 247,500.00 |
| 118 (F) | 510051 | STRUCTURAL CONCRETE, BRIDGE FOOTING | CY | 355 | 1,000.00 | 355,000.00 |
| 119 (F) | 510053 | STRUCTURAL CONCRETE, BRIDGE | CY | 1,258 | 1,500.00 | 1,887,000.00 |
| 120 (F) | 510060 | STRUCTURAL CONCRETE, RETAINING WALL | CY | 413 | 860.00 | 355,180.00 |
| 121 (F) | 510072 | STRUCTURAL CONCRETE, BARRIER SLAB | CY | 138 | 450.00 | 62,100.00 |
| 122 (F) | 510502 | MINOR CONCRETE (MINOR STRUCTURE) | CY | 24.3 | 1,200.00 | 29,160.00 |
| 123 (F) | 510526 | MINOR CONCRETE (BACKFILL) | CY | 5.7 | 160.00 | 912.00 |
| 124 | 044394 | RANDOM ROCK TEXTURE | SQFT | 7,370 | 12.00 | 88,440.00 |
| 125 | 519081 | JOINT SEAL (MR 1/2") | LF | 20 | 100.00 | 2,000.00 |
| 126 | 519091 | JOINT SEAL (MR 1 1/2") | LF | 20.5 | 120.00 | 2,460.00 |
| 127 | 519100 | JOINT SEAL (MR 2") | LF | 40.5 | 150.00 | 6,075.00 |
| 128 | 519102 | JOINT SEAL (TYPE AL) | LF | 3 | 70.00 | 210.00 |
| 129 (F) | 520102 | BAR REINFORCING STEEL (BRIDGE) | LB | 350,200 | 1.40 | 490,280.00 |
| 130 (F) | 520103 | BAR REINFORCING STEEL (RETAINING WALL) | LB | 36,200 | 1.25 | 45,250.00 |
| 131 (F) | 520106 | BAR REINFORCING STEEL (EPOXY COATED) | LB | 94,025 | 2.00 | 188,050.00 |
| 132 (F) | 044395 | BAR REINFORCING STEEL (BARRIER SLAB) (EPOXY COATED) | LB | 14,930 | 2.25 | 33,592.50 |
| 133 (F) | 520115 | BAR REINFORCING STEEL (GALVANIZED) | LB | 670 | 2.50 | 1,675.00 |
| 134 | 560240 | FURNISH SINGLE SHEET ALUMINUM SIGN (0.063"-UNFRAMED) | SQFT | 50 | 13.00 | 754.00 |
| 135 | 560249 | FURNISH SINGLE SHEET ALUMINUM SIGN (0.080"-UNFRAMED) | SQFT | 84 | 15.00 | 1,260.00 |
| 136 | 562001 | METAL (ROADSIDE SIGN) | LB | 50 | 4.00 | 200.00 |
| 137 | 566011 | ROADSIDE SIGN - ONE POST | EA | 13 | 300.00 | 3,900.00 |
| 138 | 568017 | INSTALL ROADSIDE SIGN PANEL ON EXISTING POST | EA | 1 | 100.00 | 100.00 |



| ITEM NO. | ITEM CODE | ITEM DESCRIPTION | UNIT OF MEASURE | ESTIMATED QUANTITY | BID | AMOUNT |
|---|---|---|---|---|---|---|
| 139 (F) | 575004 | TIMBER LAGGING | MFBM | 25.5 | 4,000.00 | 102,000.00 |
| 140 | 597601 | PREPARE AND STAIN CONCRETE | SQFT | 7,370 | 5.00 | 36,850.00 |
| 141 | 620100 | 18" ALTERNATIVE PIPE CULVERT | LF | 65 | 115.00 | 7,475.00 |
| 142 | 620140 | 24" ALTERNATIVE PIPE CULVERT | LF | 370 | 200.00 | 74,000.00 |
| 143 | 680283 | 3" PLASTIC PIPE UNDERDRAIN | LF | 100 | 3.25 | 325.00 |
| 144 | 681132 | GEOCOMPOSITE DRAIN | SQFT | 800 | 11.50 | 9,200.00 |
| 145 (F) | 682022 | CLASS 1 PERMEABLE MATERIAL (BLANKET) | CY | 2.4 | 50.00 | 120.00 |
| 146 | 692003 | 8" ENTRANCE TAPER | EA | 1 | 190.00 | 190.00 |
| 147 | 692303 | 8" ANCHOR ASSEMBLY | EA | 1 | 200.00 | 200.00 |
| 148 | 698020 | 8" ALTERNATIVE PIPE DOWNDRAIN | LF | 12 | 300.00 | 3,600.00 |
| 149 | 698140 | 24" ALTERNATIVE PIPE DOWNDRAIN | LF | 80 | 95.00 | 7,600.00 |
| 150 | 700639 | 36" CORRUGATED STEEL PIPE INLET (.109" THICK) | LF | 7.1 | 1,200.00 | 8,520.00 |
| 151 | 705315 | 24" ALTERNATIVE FLARED END SECTION | EA | 1 | 580.00 | 580.00 |
| 152 (F) | 721015 | ROCK SLOPE PROTECTION (LIGHT, METHOD B) (CY) | CY | 15 | 380.00 | 5,700.00 |
| 153 | 721524 | CONCRETED-ROCK SLOPE PROTECTION (1/4 T, METHOD A) (TON) | TON | 500 | 100.00 | 50,000.00 |
| 154 | 026154 | DOUBLE TWISTED WIRE MESH DRAPERY SYSTEM | SQFT | 26,500 | 4.00 | 106,000.00 |
| 155 | 729011 | ROCK SLOPE PROTECTION FABRIC (CLASS 8) | SQYD | 38 | 10.00 | 380.00 |
| 156 | 730045 | MINOR CONCRETE (GUTTER) (CY) | CY | 10 | 500.00 | 5,000.00 |
| 157 (F) | 750001 | MISCELLANEOUS IRON AND STEEL | LB | 3,499 | 3.00 | 10,497.00 |
| 158 (F) | 750041 | ISOLATION CASING | LB | 1,555 | 10.00 | 15,550.00 |
| 159 (F) | 750501 | MISCELLANEOUS METAL (BRIDGE) | LB | 438 | 15.00 | 6,570.00 |
| 160 (F) | 750505 | BRIDGE DECK DRAINAGE SYSTEM | LB | 780 | 15.00 | 11,700.00 |
| 161 | 044396 | BAT HABITAT | EA | 4 | 1,000.00 | 4,000.00 |
| 162 | 820112 | MARKER (CULVERT) | EA | 16 | 50.00 | 800.00 |
| 163 | 820118 | GUARD RAILING DELINEATOR | EA | 31 | 20.00 | 620.00 |
| 164 | 832001 | METAL BEAM GUARD RAILING | LF | 380 | 22.00 | 8,360.00 |
| 165 | 832013 | METAL BEAM GUARD RAILING (7' POST) | LF | 820 | 24.00 | 19,680.00 |
| 166 (F) | 839527 | CABLE RAILING (MODIFIED) | LF | 365 | 95.00 | 34,675.00 |
| 167 | 839541 | TRANSITION RAILING (TYPE WB) | EA | 8 | 3,500.00 | 28,000.00 |
| 168 | 839584 | ALTERNATIVE IN-LINE TERMINAL SYSTEM | EA | 9 | 2,450.00 | 22,050.00 |
| 169 | 839585 | ALTERNATIVE FLARED TERMINAL SYSTEM | EA | 2 | 2,050.00 | 4,100.00 |
| 170 | 839704 | CONCRETE BARRIER (TYPE 60D) | LF | 175 | 100.00 | 17,500.00 |
| 171 (F) | 044397 | CONCRETE BARRIER (TYPE 80 MODIFIED) | LF | 995 | 350.00 | 348,250.00 |
| 172 (F) | 044398 | CONCRETE BARRIER (TYPE 80A MODIFIED) | LF | 183 | 700.00 | 128,100.00 |
| 173 | 840504 | 4" THERMOPLASTIC TRAFFIC STRIPE | LF | 18,300 | .80 | 14,640.00 |

01-479404
01-DN-199-2
10/01/13

C O N T R A C T   P R O P O S A L   O F   L O W   B I D D E R

BID211
PAGE 13
10/25/13



| ITEM NO. | ITEM CODE | ITEM DESCRIPTION | UNIT OF MEASURE | ESTIMATED QUANTITY | BID | AMOUNT |
|---|---|---|---|---|---|---|
| 174 | 840506 | 6" THERMOPLASTIC TRAFFIC STRIPE | LF | 450 | 3.00 | 1,350.00 |
| 175 | 850122 | PAVEMENT MARKER (RETROREFLECTIVE-RECESSED) | EA | 400 | 18.50 | 7,400.00 |
| 176 | 999990 | MOBILIZATION | LS | LUMP SUM | 1,360,000.00 | 1,360,000.00 |
| | | | | | TOTAL | 13,624,157.50 |



**STATE OF CALIFORNIA**
**DEPARTMENT OF TRANSPORTATION**
**CONTRACT NO.**  01-479404

This contract is entered into between the State of California's Department of Transportation and the Contractor named below:

**FLATIRON WEST INC**

CONTRACTOR'S NAME

The parties agree to comply with the terms of the following exhibits that are by this reference made a part of this contract.

| | |
|---|---|
| Exhibit A - Bid book dated | 8/12/2013 |
| Exhibit B - Notice to Bidders and Special Provisions dated | 8/12/2013 |
| Exhibit C - Project Plans approved | 6/24/2013 |
| Exhibit D - Standard Specifications dated | 2010 |
| Exhibit E - Standard Plans dated | 2010 |
| Exhibit F - Addenda | |

Exhibits A, B, C, and F are those exhibits identified with the same contract number as this contract.

This contract has been executed by the following parties:

**CONTRACTOR**

CONTRACTOR'S NAME (If other than an individual, state whether a corporation, partnership, etc.
FLATIRON WEST INC;
BY (Authorized Signature)                                      DATE SIGNED (Do not type)
                                                              12/24/13
PRINTED NAME AND TITLE OF PERSON SIGNING
RICHARD GRABINSKI, VICE PRESIDENT
FEDERAL EMPLOYER IDENTIFICATION NUMBER
84-1173347

**DEPARTMENT OF TRANSPORTATION**

BY (Authorized Signature)                                      DATE SIGNED (Do not type)
                                                              12/26/13
PRINTED NAME AND TITLE OF PERSON SIGNING
John C. McMillan, Deputy Dir Chief-UFC Engr.

This contract has been certified as complying with the State Contract Act:
BY (Authorized Signature)                                      DATE SIGNED (Do not type)
                                                              12/30/13
PRINTED NAME AND TITLE OF PERSON SIGNING
Todd M. Van Santen
Assistant Chief Counsel

ADA Notice   For individuals with sensory disabilities, this document is available in alternate formats. For information call (916) 654-6410 or TDD (916) 654-3880 or write Records and Forms Management, 1120 N Street, MS-89, Sacramento, CA 95814

Liberty Bond No. 015042022, Travelers Bond No. 106001829, F&D/Zurich Bond No. 9140477
Federal Bond No. 82320076, CNA Bond No. 929573542, XL Bond No. SUR7402456

STATE OF CALIFORNIA
DEPARTMENT OF TRANSPORTATION

Bond No. _____

# PERFORMANCE BOND

( To Accompany Contract )

WHEREAS, the State of California, Department of Transportation, hereafter referred to as "Obligee", has awarded to Contractor

## FLATIRON WEST INC

hereafter referred to as "Principal", a contract for the work described as follows:

## 01-479404    01-DN-199-20.3/25.9

Widen shoulders with HMA over AB, replace bridge and const ret walls.

AND, WHEREAS, said Principal is required to furnish a bond in connection with said contract, guaranteeing the faithful performance thereof:

NOW, THEREFORE, we the undersigned Principal and Surety are held firmly bound to the Obligee, in the sum of

## Six million eight hundred twelve thousand seventy eight and 75/100

dollars ($ **6,812,078.75** ) to be paid to the Obligee, for which payment, we bind ourselves, jointly and severally.

THE CONDITION OF THIS OBLIGATION IS SUCH,

That if said Principal shall faithfully perform this contract, then this obligation shall be null and void; otherwise it shall be in full force and effect.

No right of action shall accrue under this bond to or for the use of any person other than the Obligee named herein.

Dated: **DEC 10 2013**

| | |
|---|---|
| Correspondence or claims relating to this bond should be sent to the surety at the following address:<br>Liberty Mutual Insurance Company<br><br>450 Plymouth Road, Suite 400<br><br>Plymouth Meeting, PA  19462 | **FLATIRON WEST INC**<br><br>By _____<br>RICHARD GRABINSKI, *Principal* VICE PRESIDENT<br>See Attachment A<br><br>_____ *Surety*<br>By  See Attachment A<br>_____ *Attorney-in-fact* |

NOTE: Signatures of those executing for the surety must be properly acknowledged, and a Power of Attorney attached.

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California
County of _____ **SOLANO** _____ }

On this ___ **DECEMBER 24, 2013** ___ before me, __ **LILLIAN M. SIMON, NOTARY PUBLIC** __,
        *Date*                      *Here Insert Name and Title of the Officer*
personally appeared ___ **RICHARD GRABINSKI** ___,
                     *Name(s) of Signer(s)*
         **VICE PRESIDENT OF FLATIRON WEST INC.** ___,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

*Signature of Notary Public*

(SEAL)

LILLIAN M. SIMON
COMM. # 1912118
NOTARY PUBLIC-CALIFORNIA
CONTRA COSTA COUNTY
MY COMM. EXP. DEC 2, 2014

# ATTACHMENT A

**Liberty Bond No. 015042022**
**Travelers Bond No. 106001829**
**F&D/Zurich Bond No. 9140477**
**Federal Bond No. 82320076**
**C N A Bond No. 929573542**
**XL Bond No. SUR7402456**

Liberty Mutual Insurance Company, a Massachusetts Corporation;
Travelers Casualty and Surety Company of America; a Connecticut Corporation
Fidelity and Deposit Company of Maryland, a Maryland Corporation
Zurich American Insurance Company, a New York Corporation;
Federal Insurance Company, an Indiana Corporation;
The Continental Insurance Company, a Pennsylvania Corporation;
XL Specialty Insurance Company, a Delaware Corporation

Liberty Mutual Insurance Company – A.M. Best Rating A XV
175 Berkeley Street, Boston, MA 02116 - Fax (212)-221-5608
Contact: David D. Roberts, Branch Manager – (212) 719-7750 – davidd.roberts@libertymutual.com

Travelers Casualty and Surety Company of America – A.M. Best Rating A+ XV
Construction Services, One Tower Square, Hartford, CT 06183
Contact: Brian Bialaski – VP, (860) 277-1914, Fax –( 860)-277-3931 – bbialaski@travelers.com

Fidelity and Deposit Company of Maryland/Zurich American Insurance Company – A.M. Best Rating A+
XV
1400 American Lane, Schaumburg, IL 60196 – Fax (410)-261-7957
Contact: Thomas McClellan, Sr. Underwriting Officer – (410)-559-8730 – tom.mcclellan@zurichna.com

Federal Insurance Company – A.M. Best Rating A++ XV
15 Mountain View Road, Warren, NJ 07061 – Fax (908)-526-2060 – mlubin@chubb.com
Contact: Matthew Lubin, Director, National Engineering and Construction Group – (908) 903-3461

The Continental Insurance Company – A.M. Best Rating A XV
333 S. Wabash Avenue, 41st Floor, Chicago, IL 60604 – Fax (212)-440-7351
Contact: Jon Fullerton, Branch Manager (212)-440-7356 – jon.fullerton@cnasurety.com

XL Specialty Insurance Company – A.M. Best A XV
Seaview House, 70 Seaview Avenue, Stamford, CT 06902 – Fax (410)-385-8010
Contact: William Mills, Senior VP, - (410)-385-8411 – bill.mills@xlgroup.com

Witness:

By: _____          By: _____
Mary R. McKee, Attorney-In-Fact          Maria L. Spadaccini

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN


On this ___10th___ day of ___December_, 2013___, before me personally came

___Mary R. McKee___ to me known, who, being by me duly sworn, did depose and

say that she/he resides in_ Saddle Brook, NJ _ that she/he is the Attorney In Fact of

Liberty Mutual Insurance Company ___ the corporation described in and which executed

the above instrument that she/he knows the seal of said corporation; that the seal affixed

to said instrument is such corporate seal; that it was so affixed by order of the Board of

Directors of said corporation, and that she/he signed her/his name thereto by like order.

(SEAL)

Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014



**LIBERTY MUTUAL INSURANCE COMPANY**

**FINANCIAL STATEMENT — DECEMBER 31, 2012**

| Assets | | Liabilities | |
|---|---:|---|---:|
| Cash and Bank Deposits | $ 903,711,694 | Unearned Premiums | $4,205,141,671 |
| *Bonds — U.S Government | 1,166,929,471 | Reserve for Claims and Claims Expense | 17,056,420,207 |
| *Other Bonds | 11,415,194,219 | Funds Held Under Reinsurance Treaties | 1,315,062,091 |
| *Stocks | 8,104,853,899 | Reserve for Dividends to Policyholders | 2,455,411 |
| Real Estate | 255,967,320 | Additional Statutory Reserve | 49,768,998 |
| Agents' Balances or Uncollected Premiums | 3,482,069,753 | Reserve for Commissions, Taxes and | |
| Accrued Interest and Rents | 144,016,763 | Other Liabilities | 3,066,051,537 |
| Other Admitted Assets | 14,732,623,458 | **Total** | **$25,694,899,915** |
| | | Special Surplus Funds........... $604,621,497 | |
| | | Capital Stock............... 10,000,000 | |
| | | Paid in Surplus.............. 7,899,471,886 | |
| | | Unassigned Surplus.......... 5,996,373,279 | |
| **Total Admitted Assets** | **$40,205,366,577** | **Surplus to Policyholders** | **14,510,466,662** |
| | | **Total Liabilities and Surplus** | **$40,205,366,577** |



\* Bonds are stated at amortized or investment value; Stocks at Association Market Values.
The foregoing financial information is taken from Liberty Mutual Insurance Company's financial
statement filed with the state of Massachusetts Department of Insurance.

I, TIM MIKOLAJEWSKI, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the foregoing is a true, and correct statement of the Assets and Liabilities of said Corporation, as of December 31, 2012, to the best of my knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation at Seattle, Washington, this 25th day of March, 2013.

_____
Assistant Secretary

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.
This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

Certificate No. 5320281

American Fire and Casualty Company
The Ohio Casualty Insurance Company
Liberty Mutual Insurance Company
West American Insurance Company

# POWER OF ATTORNEY

KNOWN ALL PERSONS BY THESE PRESENTS: That American Fire & Casualty Company and The Ohio Casualty Insurance Company are corporations duly organized under the laws of the State of New Hampshire, that Liberty Mutual Insurance Company is a corporation duly organized under the laws of the State of Massachusetts, and West American Insurance Company is a corporation duly organized under the laws of the State of Indiana (herein collectively called the "Companies"), pursuant to and by authority herein set forth, does hereby name, constitute and appoint, Alice McLaughlin; Maria L. Spadaccini; Mary R. McKee; Nicholas F. Walsh; Sherryanne M. DePirro

all of the city of Woodcliff Lake, state of NJ each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents and shall be as binding upon the Companies as if they have been duly signed by the president and attested by the secretary of the Companies in their own proper persons.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Companies and the corporate seals of the Companies have been affixed thereto this 17th day of October, 2013.

American Fire and Casualty Company
The Ohio Casualty Insurance Company
Liberty Mutual Insurance Company
West American Insurance Company

By: [signature]
Gregory W. Davenport, Assistant Secretary

STATE OF WASHINGTON ss
COUNTY OF KING

On this 17th day of October, 2013, before me personally appeared Gregory W. Davenport, who acknowledged himself to be the Assistant Secretary of American Fire and Casualty Company, Liberty Mutual Insurance Company, The Ohio Casualty Company, and West American Insurance Company, and that he, as such, being authorized so to do, execute the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Seattle, Washington, on the day and year first above written.

By: KD Riley
KD Riley, Notary Public

This Power of Attorney is made and executed pursuant to and by authority of the following By-laws and Authorizations of American Fire and Casualty Company, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company which resolutions are now in full force and effect reading as follows:

ARTICLE IV – OFFICERS – Section 12. Power of Attorney. Any officer or other official of the Corporation authorized for that purpose in writing by the Chairman or the President, and subject to such limitation as the Chairman or the President may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Corporation to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Corporation by their signature and execution of any such instruments and to attach thereto the seal of the Corporation. When so executed, such instruments shall be as binding as if signed by the President and attested to by the Secretary. Any power or authority granted to any representative or attorney-in-fact under the provisions of this article may be revoked at any time by the Board, the Chairman, the President or by the officer or officers granting such power or authority.

ARTICLE XIII – Execution of Contracts – SECTION 5. Surety Bonds and Undertakings. Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

Certificate of Designation – The President of the Company, acting pursuant to the Bylaws of the Company, authorizes Gregory W. Davenport, Assistant Secretary to appoint such attorneys-in-fact as may be necessary to act on behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

Authorization – By unanimous consent of the Company's Board of Directors, the Company consents that facsimile or mechanically reproduced signature of any assistant secretary of the Company, wherever appearing upon a certified copy of any power of attorney issued by the Company in connection with surety bonds, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

I, David M. Carey, the undersigned, Assistant Secretary, of American Fire and Casualty Company, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy of the Power of Attorney executed by said Companies, is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this 10th day of December, 2013.

By: [signature]
David M. Carey, Assistant Secretary

Not valid for mortgage, note, loan, letter of credit, currency rate, interest rate or residual value guarantees.

To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this __10th__ day of __December__, __2013__, before me personally came __Mary R. McKee__ to me known, who, being by me duly sworn, did depose and say that she/he resides in __Saddle Brook, NJ__ that she/he is the __Attorney In Fact__ of __Travelers Casualty and Surety Company of America__ the corporation described in and which executed the above instrument that she/he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that she/he signed her/his name thereto by like order.

(SEAL)

Esther Caban
Notary Public of New Jersey
My Commission Expires
February 16, 2014

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

HARTFORD, CONNECTICUT 06183

FINANCIAL STATEMENT AS OF DECEMBER 31, 2012

CAPITAL STOCK $ 6,480,000

| ASSETS | | LIABILITIES & SURPLUS | |
|---|---|---|---|
| CASH AND INVESTED CASH | $ 16,936,791 | UNEARNED PREMIUMS | $ 783,409,592 |
| BONDS | 3,713,171,016 | LOSSES | 901,058,710 |
| INVESTMENT INCOME DUE AND ACCRUED | 60,768,732 | REINSURANCE PAYABLE ON PAID LOSSES & LOSS ADJ. EXPENSES | 1,449,021 |
| OTHER INVESTED ASSETS | 280,730,697 | LOSS ADJUSTMENT EXPENSES | 534,370,680 |
| PREMIUM BALANCES | 184,042,608 | COMMISSIONS | 29,261,779 |
| NET DEFERRED TAX ASSET | 53,274,378 | TAXES, LICENSES AND FEES | 66,762,894 |
| REINSURANCE RECOVERABLE | 12,410,524 | OTHER EXPENSES | 35,588,960 |
| SECURITIES LENDING REINVESTED COLLATERAL ASSETS | 7,789,165 | FUNDS HELD UNDER REINSURANCE TREATIES | 94,449,544 |
| RECEIVABLES FROM PARENT, SUBSIDIARIES AND AFFILIATES | 11,080,470 | CURRENT FEDERAL AND FOREIGN INCOME TAXES | 60,675,673 |
| UNDISTRIBUTED PAYMENTS | (1,439,585) | REMITTANCES AND ITEMS NOT ALLOCATED | 19,270,931 |
| OTHER ASSETS | 884,093 | AMOUNTS WITHHELD / RETAINED BY COMPANY FOR OTHERS | 79,084,806 |
| | | RETROACTIVE REINSURANCE RESERVE ASSUMED | 3,163,184 |
| | | POLICYHOLDER DIVIDENDS | 6,730,121 |
| | | PROVISION FOR REINSURANCE | 5,314,325 |
| | | ADVANCE PREMIUM | 726,898 |
| | | PAYABLE FOR SECURITIES LENDING | 7,789,165 |
| | | CEDED REINSURANCE NET PREMIUMS PAYABLE | (70,603,744) |
| | | ESCHEAT LIABILITY | 626,399 |
| | | OTHER ACCRUED EXPENSES AND LIABILITIES | 262,062 |
| | | TOTAL LIABILITIES | $ 2,559,100,957 |
| | | | |
| | | CAPITAL STOCK | $ 6,480,000 |
| | | PAID IN SURPLUS | 433,803,760 |
| | | OTHER SURPLUS | 1,340,168,061 |
| | | TOTAL SURPLUS TO POLICYHOLDERS | $ 1,780,451,821 |
| TOTAL ASSETS | $ 4,339,658,778 | TOTAL LIABILITIES & SURPLUS | $ 4,339,658,778 |

STATE OF CONNECTICUT    )

COUNTY OF HARTFORD    ) SS.

CITY OF HARTFORD    )

MICHAEL J. DOODY, BEING DULY SWORN, SAYS THAT HE IS SECOND VICE PRESIDENT, OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

AND THAT TO THE BEST OF HIS KNOWLEDGE AND BELIEF, THE FOREGOING IS A TRUE AND CORRECT STATEMENT OF THE FINANCIAL CONDITION OF SAID

COMPANY AS OF THE 31ST DAY OF DECEMBER, 2012.

_____
SECOND VICE PRESIDENT

SUBSCRIBED AND SWORN TO BEFORE ME THIS
20TH DAY OF MARCH, 2013

_____
NOTARY PUBLIC

SUSAN M. WEISSLEDER
*Notary Public*
*My Commission Expires November 30, 2017*

SUSAN M. WEISSLEDER
NOTARY
PUBLIC
CONNECTICUT

# POWER OF ATTORNEY


**TRAVELERS**

| | |
|---|---|
| Farmington Casualty Company | St. Paul Mercury Insurance Company |
| Fidelity and Guaranty Insurance Company | Travelers Casualty and Surety Company |
| Fidelity and Guaranty Insurance Underwriters, Inc. | Travelers Casualty and Surety Company of America |
| St. Paul Fire and Marine Insurance Company | United States Fidelity and Guaranty Company |
| St. Paul Guardian Insurance Company | |

**Attorney-In Fact No.** 227173

**Certificate No.** 005646641

**KNOW ALL MEN BY THESE PRESENTS:** That Farmington Casualty Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company are corporations duly organized under the laws of the State of Connecticut, that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc. is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint

Alice McLaughlin, Mary R. McKee, Sherryanne M. DePirro, Maria L. Spadaccini, and Nicholas F. Walsh

of the City of _____Woodcliff Lake_____, State of_____New Jersey_____, their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

IN WITNESS WHEREOF, the Companies have caused this instrument to be signed and their corporate seals to be hereto affixed, this _____19th_____ day of _____September_____ _____2013_____.

| | |
|---|---|
| Farmington Casualty Company | St. Paul Mercury Insurance Company |
| Fidelity and Guaranty Insurance Company | Travelers Casualty and Surety Company |
| Fidelity and Guaranty Insurance Underwriters, Inc. | Travelers Casualty and Surety Company of America |
| St. Paul Fire and Marine Insurance Company | United States Fidelity and Guaranty Company |
| St. Paul Guardian Insurance Company | |

State of Connecticut
City of Hartford ss.

By: _____
Robert L. Raney, Senior Vice President

On this the _____19th_____ day of _____September_____, _____2013_____, before me personally appeared Robert L. Raney, who acknowledged himself to be the Senior Vice President of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

In Witness Whereof, I hereunto set my hand and official seal.
My Commission expires the 30th day of June, 2016.

_____
Marie C. Tetreault, Notary Public

58440-8-12 Printed in U.S.A.

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this __10th__ day of ___December_, 2013_____, before me personally came

_____Mary R. McKee_____ to me known, who, being by me duly sworn, did depose and

say that she/he resides in__Saddle Brook, NJ__ that she/he is the Attorney In Fact of

Fidelity and Deposit Company of Maryland _____ the corporation described in and

which executed the above instrument that she/he knows the seal of said corporation; that

the seal affixed to said instrument is such corporate seal; that it was so affixed by order of

the Board of Directors of said corporation, and that she/he signed her/his name thereto by

like order.

(SEAL)

Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014

# FIDELITY AND DEPOSIT COMPANY
OF MARYLAND
600 Red Brook Blvd., Suite 600, Owings Mills, MD 21117

### Statement of Financial Condition
### As Of December 31, 2012

### ASSETS

| | |
|---|---:|
| Bonds | $ 157,177,826 |
| Stocks | 23,000,311 |
| Cash and Short Term Investments | 119,155 |
| Reinsurance Recoverable | 17,923,564 |
| Other Accounts Receivable | 35,473,256 |
| TOTAL ADMITTED ASSETS | $ 233,694,113 |

### LIABILITIES, SURPLUS AND OTHER FUNDS

| | | |
|---|---:|---:|
| Reserve for Taxes and Expenses | | $ 74,782 |
| Ceded Reinsurance Premiums Payable | | 48,323,524 |
| Securities Lending Collateral Liability | | 1,716,240 |
| TOTAL LIABILITIES | | $ 50,114,546 |
| Capital Stock, Paid Up | $ 5,000,000 | |
| Surplus | 178,579,567 | |
| Surplus as regards Policyholders | | 183,579,567 |
| TOTAL | | $ 233,694,113 |

Securities carried at $59,468,002 in the above statement are deposited as required by law.

Securities carried on the basis prescribed by the National Association of Insurance Commissioners. On the basis of December 31, 2012 market quotations for all bonds and stocks owned, the Company's total admitted assets would be $243,518,971 and surplus as regards policyholders $193,404,425.

I, DENNIS F. KERRIGAN, Corporate Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing statement is a correct exhibit of the assets and liabilities of the said Company on the 31st day of December, 2012.

_____
Corporate Secretary

State of Illinois   } SS:
City of Schaumburg

Subscribed and sworn to, before me, a Notary Public of the State of Illinois, in the City of Schaumburg, this 15th day of March, 2013.

_____
Notary Public

OFFICIAL SEAL
DARRYL JOINER
Notary Public - State of Illinois
My Commission Expires May 3, 2014

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this __10th_____ day of ___December_, _2013_____, before me personally came

____Mary R. McKee____to me known, who, being by me duly sworn, did depose and

say that she/he resides in__Saddle Brook, NJ__that she/he is the Attorney In Fact of

Zurich American Insurance Company_____ the corporation described in and which

executed the above instrument that she/he knows the seal of said corporation; that the

seal affixed to said instrument is such corporate seal; that it was so affixed by order of the

Board of Directors of said corporation, and that she/he signed her/his name thereto by

like order.

(SEAL)

Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014

## ZURICH AMERICAN INSURANCE COMPANY
## COMPARATIVE BALANCE SHEET
### ONE LIBERTY PLAZA, 165 BROADWAY, 32nd FLOOR, NEW YORK, NY 10006
#### As of December 31, 2012 and December 31, 2011

| | 12/31/2012 | 12/31/2011 |
|---|---|---|
| **Assets** | | |
| Bonds | $ 18,907,466,866 | $ 18,985,096,131 |
| Preferred Stock | - | 259,036 |
| Common Stock | 2,123,025,432 | 2,068,881,919 |
| Other Invested Assets | 2,035,077,824 | 2,065,634,039 |
| Short-term Investments | 126,053,209 | 107,298,374 |
| Receivable for securities | 134,410,639 | 18,523,294 |
| Cash and cash equivalents | 728,298,115 | (128,716,627) |
| Securities lending reinvested collateral assets | 225,335,750 | 120,821,061 |
| Employee Trust for Deferred Compensation Plan | 130,493,778 | 124,809,033 |
| Total Cash and Invested Assets | $ 24,410,161,814 | $ 23,362,606,260 |
| | | |
| Premiums Receivable | $ 3,649,247,239 | $ 3,611,868,304 |
| Funds Held with Reinsurers | 3,681,443 | 28,073,922 |
| Reinsurance Recoverable | 215,451,507 | 233,357,918 |
| Accrued Investment Income | 121,729,727 | 149,372,442 |
| Federal Income Tax Recoverable | 930,267,731 | 788,664,462 |
| Due from Affiliates | 187,274,289 | 95,583,016 |
| Other Assets | 493,265,075 | 459,639,011 |
| Total Assets | $ 30,011,078,824 | $ 28,729,165,335 |
| | | |
| **Liabilities and Policyholders' Surplus** | | |
| **Liabilities:** | | |
| Loss and LAE Reserves | $ 14,244,436,264 | $ 14,401,632,170 |
| Unearned Premium Reserve | 4,159,670,241 | 4,066,273,586 |
| Funds Held with Reinsurers | 212,412,675 | 218,214,563 |
| Loss In Course of Payment | 408,170,112 | 353,274,509 |
| Commission Reserve | 64,038,359 | 63,749,920 |
| Federal Income Tax Payable | 16,190,044 | 47,352,138 |
| Remittances and Items Unallocated | 196,410,982 | 69,677,903 |
| Payable to parent, subs and affiliates | 57,540,814 | 92,111,683 |
| Provision for Reinsurance | 66,649,220 | 60,498,188 |
| Ceded Reinsurance Premiums Payable | 551,510,878 | 278,235,370 |
| Securities Lending Collateral Liability | 225,335,750 | 120,821,061 |
| Other Liabilities | 2,166,453,164 | 1,938,544,837 |
| Total Liabilities | $ 22,368,818,502 | $ 21,710,385,928 |
| | | |
| **Policyholders' Surplus:** | | |
| Common Capital Stock | $ 5,000,000 | $ 5,000,000 |
| Paid-In and Contributed Surplus | 4,394,131,321 | 4,394,131,320 |
| Surplus Notes | 430,000,000 | 883,000,000 |
| Special Surplus Funds | 43,259,000 | 396,438,437 |
| Cumulative Unrealized Gain | 331,857,594 | 209,454,958 |
| Unassigned Surplus | 2,438,012,408 | 1,130,754,692 |
| Total Policyholders' Surplus | $ 7,642,260,323 | $ 7,018,779,407 |
| | | |
| Total Liabilities and Policyholders' Surplus | $ 30,011,078,824 | $ 28,729,165,335 |

I, Dennis F. Kerrigan, Corporate Secretary of ZURICH AMERICAN INSURANCE COMPANY do hereby certify that the foregoing statement is a correct exhibit of the assets and liabilities of the said Company, on the 31st day of December, 2012, according to the best of my information, knowledge and belief.

_Corporate Secretary_

State of Illinois

County of Cook       } SS:

Subscribed and sworn to, before me, a Notary Public of the State of Illinois, in the City of Schaumburg, this 15th day of March, 2013.

_Notary public_

OFFICIAL SEAL
DARRYL JOINER
Notary Public - State of Illinois
My Commission Expires May 3, 2014

<div align="center">

**ZURICH AMERICAN INSURANCE COMPANY**
**COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**
**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**
**POWER OF ATTORNEY**

</div>

KNOW ALL MEN BY THESE PRESENTS: That the ZURICH AMERICAN INSURANCE COMPANY, a corporation of the State of New York, the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, a corporation of the State of Maryland, and the FIDELITY AND DEPOSIT COMPANY OF MARYLAND a corporation of the State of Maryland (herein collectively called the "Companies"), by JAMES M. CARROLL, Vice President, in pursuance of authority granted by Article V, Section 8, of the By-Laws of said Companies, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, do hereby nominate, constitute, and appoint **Sandra K. WOLF, Alice MCLAUGHLIN, Mary R. MCKEE, Maria L. SPADACCINI and Sherryanne M. DEPIRRO,** all of Woodcliff Lake, New Jersey, **EACH** its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: any and all bonds and undertakings, and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Companies, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the ZURICH AMERICAN INSURANCE COMPANY at its office in New York, New York., the regularly elected officers of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at its office in Owings Mills, Maryland., and the regularly elected officers of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at its office in Owings Mills, Maryland., in their own proper persons.

The said Vice President does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article V, Section 8, of the By-Laws of said Companies, and is now in force.

IN WITNESS WHEREOF, the said Vice-President has hereunto subscribed his/her names and affixed the Corporate Seals of the said **ZURICH AMERICAN INSURANCE COMPANY, COLONIAL AMERICAN CASUALTY AND SURETY COMPANY,** and **FIDELITY AND DEPOSIT COMPANY OF MARYLAND,** this 21st day of June, A.D. 2012.

<div align="right">

**ATTEST:**

</div>

<div align="center">

**ZURICH AMERICAN INSURANCE COMPANY**
**COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**
**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

</div>

  

By: _____

_Assistant Secretary_
_Eric D. Barnes_

_Vice President_
_James M. Carroll_

State of Maryland
City of Baltimore

On this 21st day of June, A.D. 2012, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, JAMES M. CARROLL, Vice President, and ERIC D. BARNES, Assistant Secretary, of the Companies, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and acknowledged the execution of same, and being by me duly sworn, deposeth and saith, that he/she is the said officer of the Company aforesaid, and that the seals affixed to the preceding instrument are the Corporate Seals of said Companies, and that the said Corporate Seals and the signature as such officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporations.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

_Maria D. Adamski, Notary Public_
My Commission Expires: July 8, 2015

POA-F 093-0064D

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this __10th__ day of __December__ , __2013__ , before me personally came __Mary R. McKee__ to me known, who, being by me duly sworn, did depose and say that she/he resides in __Saddle Brook, NJ__ that she/he is the Attorney In Fact of Federal Insurance Company ____ the corporation described in and which executed the above instrument that she/he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that she/he signed her/his name thereto by like order.

(SEAL)

Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014

# FEDERAL INSURANCE COMPANY

## STATEMENT OF ASSETS, LIABILITIES AND SURPLUS TO POLICYHOLDERS

Statutory Basis

### DECEMBER 31, 2012

(in thousands of dollars)

| ASSETS | | LIABILITIES AND SURPLUS TO POLICYHOLDERS | |
|---|---:|---|---:|
| Cash and Short Term Investments | $ 402,323 | Outstanding Losses and Loss Expenses ..... $ | 12,627,388 |
| United States Government, State and | | Unearned Premiums | 3,416,163 |
| Municipal Bonds | 9,901,519 | Ceded Reinsurance Premiums Payable | 364,197 |
| Other Bonds | 4,595,536 | Provision for Reinsurance | 62,250 |
| Stocks | 811,166 | Other Liabilities | 935,654 |
| Other Invested Assets | 1,681,828 | | |
| | | | |
| TOTAL INVESTMENTS | 17,392,372 | TOTAL LIABILITIES | 17,405,652 |
| | | | |
| Investments in Affiliates: | | | |
| Chubb Investment Holdings, Inc. | 3,352,969 | Capital Stock | 20,980 |
| Pacific Indemnity Company | 2,496,198 | Paid-In Surplus | 3,106,809 |
| Chubb Insurance Investment Holdings Ltd.... | 1,228,075 | Unassigned Funds | 10,713,227 |
| Executive Risk Indemnity Inc. | 1,100,637 | | |
| CC Canada Holdings Ltd | 758,892 | | |
| Chubb Insurance Company of Australia Limited | 517,597 | SURPLUS TO POLICYHOLDERS | 13,841,016 |
| Great Northern Insurance Company | 438,592 | | |
| Chubb European Investment Holdings SLP .. | 265,490 | | |
| Vigilant Insurance Company | 246,766 | | |
| Other Affiliates | 429,458 | | |
| Premiums Receivable | 1,494,693 | | |
| Other Assets | 1,524,929 | | |
| | | | |
| TOTAL ADMITTED ASSETS | $ 31,246,668 | TOTAL LIABILITIES AND SURPLUS TO POLICYHOLDERS | $ 31,246,668 |

Investments are valued in accordance with requirements of the National Association of Insurance Commissioners. Investments with a carrying value of $430,688,714 are deposited with government authorities as required by law.

State, County & City of New York, — ss:

_____ Yvonne Baker, Assistant Secretary _____ of the Federal Insurance Company being duly sworn, deposes and says that the foregoing Statement of Assets, Liabilities and Surplus to Policyholders of said Federal Insurance Company on December 31, 2012 is true and correct and is a true abstract of the Annual Statement of said Company as filed with the Secretary of the Treasury of the United States for the 12 months ending December 31, 2012.

Subscribed and sworn to before me this March 31, 2013.

*Dorothy Baker*
Notary Public

*Yvonne Baker*
Assistant Secretary

DOROTHY M. BAKER
Notary Public, State of New York
No. 31-4904994
Qualified in New York County
Commission Expires Sept. 14, 2013

Form 15-10-0313A (Rev. 3/13)



| **Chubb Surety** | **POWER OF ATTORNEY** | **Federal Insurance Company** **Vigilant Insurance Company** **Pacific Indemnity Company** | **Attn: Surety Department** **15 Mountain View Road** **Warren, NJ 07059** |

Know All by These Presents, That FEDERAL INSURANCE COMPANY, an Indiana corporation, VIGILANT INSURANCE COMPANY, a New York corporation, and PACIFIC INDEMNITY COMPANY, a Wisconsin corporation, do each hereby constitute and appoint Sherryanne M. DePirro, Mary R. McKee, Alice McLaughlin, Maria L. Spadaccini and Sandra K. Wolf of Woodcliff Lake, New Jersey —————————————————————————————————————————————————————

each as their true and lawful Attorney- In- Fact to execute under such designation in their names and to affix their corporate seals to and deliver for and on their behalf as surety thereon or otherwise, bonds and undertakings and other writings obligatory in the nature thereof (other than bail bonds) given or executed in the course of business, and any instruments amending or altering the same, and consents to the modification or alteration of any instrument referred to in said bonds or obligations.

In Witness Whereof, said FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY have each executed and attested these presents and affixed their corporate seals on this    **25th** day of **January, 2013.**

Dawn M. Chloros, Assistant Secretary                 David B. Norris, Jr., Vice President

STATE OF NEW JERSEY

County of Somerset                   ss.

On this    **25th** day of **January 25, 2013** before me, a Notary Public of New Jersey, personally came Dawn M. Chloros, to me known to be Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY, the companies which executed the foregoing Power of Attorney, and the said Dawn M. Chloros, being by me duly sworn, did depose and say that he is Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY and knows the corporate seals thereof, that the seals affixed to the foregoing Power of Attorney are such corporate seals and were thereto affixed by authority of the By- Laws of said Companies; and that he signed said Power of Attorney as Assistant Secretary of said Companies by like authority; and that he is acquainted with David B. Norris, Jr., and knows him to be Vice President of said Companies; and that the signature of David B. Norris, Jr., subscribed to said Power of Attorney is in the genuine handwriting of David B. Norris, Jr., and was thereto subscribed by authority of said By- Laws and in deponent's presence.

Notarial Seal



KATHERINE J. ADELAAR
NOTARY PUBLIC OF NEW JERSEY
No. 2316685
Commission Expires July 16, 2014

Notary Public

## CERTIFICATION

Extract from the By- Laws of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY:

"All powers of attorney for and on behalf of the Company may and shall be executed in the name and on behalf of the Company, either by the Chairman or the President or a Vice President or an Assistant Vice President, jointly with the Secretary or an Assistant Secretary, under their respective designations. The signature of such officers may be engraved, printed or lithographed. The signature of each of the following officers: Chairman, President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Assistant Secretaries or Attorneys- In- Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached."

I, Dawn M. Chloros, Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY (the "Companies") do hereby certify that

   (i)    the foregoing extract of the By- Laws of the Companies is true and correct,
   (ii)   the Companies are duly licensed and authorized to transact surety business in all 50 of the United States of America and the District of Columbia and are authorized by the U.S. Treasury Department; further, Federal and Vigilant are licensed in Puerto Rico and the U.S. Virgin Islands, and Federal is licensed in American Samoa, Guam, and each of the Provinces of Canada except Prince Edward Island; and
   (iii)  the foregoing Power of Attorney is true, correct and in full force and effect.

Given under my hand and seals of said Companies at Warren, NJ this    *10th*    day of  *December, 2013.*

  

Dawn M. Chloros, Assistant Secretary

---

IN THE EVENT YOU WISH TO NOTIFY US OF A CLAIM, VERIFY THE AUTHENTICITY OF THIS BOND OR NOTIFY US OF ANY OTHER MATTER, PLEASE CONTACT US AT ADDRESS LISTED ABOVE, OR BY   Telephone (908) 903- 3493 Fax (908) 903- 3656
e-mail: surety@chubb.com

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this __10th__ day of __December__, __2013__, before me personally came __Mary R. McKee__ to me known, who, being by me duly sworn, did depose and say that she/he resides in __Saddle Brook, NJ__ that she/he is the Attorney In Fact of __The Continental Insurance Company__ the corporation described in and which executed the above instrument that she/he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that she/he signed her/his name thereto by like order.

(SEAL)

Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014

## THE CONTINENTAL INSURANCE COMPANY
### Radnor, Pennsylvania
### Statement of Net Admitted Assets and Liabilities
### December 31, 2012

### ASSETS

| | | |
|---|---|---:|
| Bonds | $ | 1,918,305,261 |
| Stocks | | 152,148,209 |
| Cash and short-term investments | | 382,477,651 |
| Uncollected premiums and agents' balances | | 52,728,223 |
| Amounts recoverable from reinsurers | | 23,547,316 |
| Funds held by or deposited with reinsured companies | | 2,365,261 |
| Net deferred tax asset | | 81,173,005 |
| Investment income due and accrued | | 23,894,634 |
| Other assets | | 71,841,445 |
| Total Assets | $ | 2,708,481,005 |

### LIABILITIES AND SURPLUS

| | | |
|---|---|---:|
| Losses | $ | 763,621,953 |
| Loss adjustment expense | | 34,421,591 |
| Contingent and other commissions payable | | 15,556,713 |
| Other expense | | 7,514,186 |
| Taxes, licenses and fees | | 44,994,884 |
| Other liabilities | | 519,410,554 |
| Total Liabilities | | 1,385,519,881 |

| | | |
|---|---:|---:|
| Surplus Account: | | |
| Capital paid up | 53,566,360 | |
| Gross paid in and contributed surplus | 1,423,436,994 | |
| Special Surplus | 5,058,970 | |
| Unassigned funds | (159,101,200) | |
| Surplus as regards policyholders | $ | 1,322,961,124 |
| Total Liabilities and Capital | $ | 2,708,481,005 |

I, OJ B. Magana, Assistant Vice President of The Continental Insurance Company hereby certify that the above is an accurate representation of the financial statement of the Company dated December 31, 2012, as filed with the various Insurance Departments and is a true and correct statement of the condition of The Continental Insurance Company as of that date.

The Continental Insurance Company

By _____
Assistant Vice President

Subscribed and sworn to me this ___25th___ day of ___March___, 2013.

My commission expires:

_____
Notary Public

```
*****************************
*      "OFFICIAL SEAL"      *
*  KATHLEEN M. SCHROEDER    *
*  Notary Public, State of Illinois *
*  My Commission Expires 08/16/15  *
*****************************
```

## POWER OF ATTORNEY APPOINTING INDIVIDUAL ATTORNEY-IN-FACT

**Know All Men By These Presents,** That The Continental Insurance Company, a Pennsylvania insurance company, is a duly organized and existing insurance company having its principal office in the City of Chicago, and State of Illinois, and that it does by virtue of the signature and seal herein affixed hereby make, constitute and appoint

**Alice Mc Laughlin, Mary R Mc Kee, Maria L Spadaccini, Sherryanne M De Pirro, Nicholas F Walsh, Individually**

of Woodcliff Lake, NJ, its true and lawful Attorney(s)-in-Fact with full power and authority hereby conferred to sign, seal and execute for and on its behalf bonds, undertakings and other obligatory instruments of similar nature

### - In Unlimited Amounts -

and to bind them thereby as fully and to the same extent as if such instruments were signed by a duly authorized officer of the insurance company and all the acts of said Attorney, pursuant to the authority hereby given is hereby ratified and confirmed.

This Power of Attorney is made and executed pursuant to and by authority of the By-Law and Resolutions, printed on the reverse hereof, duly adopted, as indicated, by the Board of Directors of the insurance company.

In Witness Whereof, The Continental Insurance Company has caused these presents to be signed by its Vice President and its corporate seal to be hereto affixed on this 28th day of October, 2013.



The Continental Insurance Company

Paul T. Bruflat       Vice President

State of South Dakota, County of Minnehaha, ss:

On this 28th day of October, 2013, before me personally came Paul T. Bruflat to me known, who, being by me duly sworn, did depose and say: that he resides in the City of Sioux Falls, State of South Dakota; that he is a Vice President of The Continental Insurance Company, a Pennsylvania insurance company, described in and which executed the above instrument; that he knows the seal of said insurance company; that the seal affixed to the said instrument is such corporate seal; that it was so affixed pursuant to authority given by the Board of Directors of said insurance company and that he signed his name thereto pursuant to like authority, and acknowledges same to be the act and deed of said insurance company.



**J. MOHR**
NOTARY PUBLIC
SOUTH DAKOTA
SEAL   SEAL

My Commission Expires June 23, 2015

J. Mohr       Notary Public

### CERTIFICATE

I, D. Bult, Assistant Secretary of The Continental Insurance Company, a Pennsylvania insurance company, do hereby certify that the Power of Attorney herein above set forth is still in force, and further certify that the By-Law and Resolution of the Board of Directors of the insurance company printed on the reverse hereof is still in force. In testimony whereof I have hereunto subscribed my name and affixed the seal of the said insurance company this _____ day of _December_ , _2013_ .

The Continental Insurance Company

D. Bult       Assistant Secretary

Form F6850-4/2012

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this ___10th___ day of ___December___, ___2013___, before me personally came
___Mary R. McKee___ to me known, who, being by me duly sworn, did depose and
say that **she**/he resides in _Saddle Brook, NJ_ that **she**/he is the Attorney In Fact of
XL Specialty Insurance Company the corporation described in and which executed the
above instrument that **she**/he knows the seal of said corporation; that the seal affixed to
said instrument is such corporate seal; that it was so affixed by order of the Board of
Directors of said corporation, and that **she**/he signed her/his name thereto by like order.

(SEAL)



Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014

## XL SPECIALTY INSURANCE COMPANY
## STATUTORY STATEMENT OF ADMITTED ASSETS,
## LIABILITIES, CAPITAL AND SURPLUS
### December 31, 2012
### (U.S. Dollars)

| Assets: | | Liabilities: | |
|---|---:|---|---:|
| Bonds | 223,420,324 | Loss & loss adjustment expenses | 204,536,880 |
| Stocks | 68,982,279 | Reinsurance payable on paid loss and loss adjustment expenses | 1,627,985 |
| Cash and short-term investments | 62,647,461 | Unearned premiums | 37,359,450 |
| Receivable for securities | | Ceded reinsurance premium payable | |
| **Total Invested Assets** | **355,050,064** | Funds held by company under reinsurance treaties | |
| | | Payable for Securities | |
| | | Other Liabilities | 28,511,133 |
| | | **Total Liabilities** | **272,035,448** |
| | | | |
| Agents Balances | 29,008,573 | Capital and Surplus: | |
| | | Aggregate write-ins for special surplus funds | |
| Funds held by or deposited with reinsured companies | 39,015,242 | Common capital Stock | 5,812,500 |
| Reinsurance recoverable on loss and loss adjustment expense payments | | Gross paid in and contributed surplus | 127,387,019 |
| Accrued interest and dividends | 1,331,044 | Unassigned surplus | 35,468,090 |
| Other admitted assets | 16,298,134 | **Total Capital and Surplus** | **168,667,609** |
| **Total Admitted Assets** | **440,703,057** | **Total Liabilities, Capital and Surplus** | **440,703,057** |

I, Andrew Robert Will, Vice President and Controller of XL Specialty Insurance Company (the "Corporation") do hereby certify that to the best of my knowledge and belief, the foregoing is a full and true Statutory Statement of Admitted Assets, Liabilities, Capital and Surplus of the Corporation, as of December 31, 2012, prepared in conformity with the accounting practices prescribed or permitted by the Insurance Department of the State of Delaware. The foregoing statement should not be taken as a complete statement of financial condition of the Corporation. Such a statement is available upon request at the Corporation's principal office located at Seaview House, 70 Seaview Avenue, Stamford, CT 06902-06040.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Corporation at Stamford, Connecticut.

_____
Vice President and Controller

State of Connecticut

County of Fairfield

The foregoing financial information was acknowledged before me this 11th of March, 2013 by Andrew Robert Will of XL Specialty Insurance Company on behalf of the corporation.

_____
Notary Public



Power of Attorney
XL Specialty Insurance Company
Greenwich Insurance Company
XL Reinsurance America Inc.

THIS IS NOT A BOND NUMBER
UNLIMITED POWER OF ATTORNEY
XL1509483

KNOW ALL MEN BY THESE PRESENTS: That XL Specialty Insurance Company, Greenwich Insurance Company, Delaware insurance companies with offices located at 505 Eagleview Blvd., Exton, PA 19341, and XL Reinsurance America Inc., a New York insurance company with offices located at 70 Seaview Avenue, Stamford, CT 06902, do hereby nominate, constitute, and appoint:
Nicholas F. Walsh, Sherryanne M. DePirro, Maria L. Spadaccini, Alice McLaughlin, Mary R. McKeo

each its true and lawful Attorney(s)-In-fact to make, execute, attest, seal and deliver for and on its behalf, as surety, and as its act and deed, where required, any and all bonds and undertakings in the nature thereof, , for the penal sum of no one of which is in any event to exceed UNLIMITED.

Such bonds and undertakings, when duly executed by the aforesaid Attorney (s) - In - Fact shall be binding upon each said Company as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary of the Company and sealed with its corporate seal.

The Power of Attorney is granted and is signed by facsimile under and by the authority of the following Resolutions adopted by the Board of Directors of each of the Companies on the 30th day of October 2013.

RESOLVED, that Gary Kaplan, David Hewett, William Mills, Gregory Boal and Kevin Mirsch are hereby appointed by the Board as authorized to make, execute, seal and deliver for and on behalf of the Company, any and all bonds, undertakings, contracts or obligations in surety or co-surety with others and that the Secretary or any Assistant Secretary of the Company be and that each of them hereby is authorized to attest the execution of any such bonds, undertakings, contracts or obligations in surety or co-surety and attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that Gary Kaplan, David Hewett, William Mills, Gregory Boal and Kevin Mirsch each is hereby authorized to execute powers of attorney qualifying the attorney named in the given power of attorney to execute, on behalf of the Company, bonds and undertakings in surety or co-surety with others, and that the Secretary or any Assistant Secretary of the Company be, and that each of them is hereby authorized to attest the execution of any such power of attorney, and to attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that the signature of such officers named in the preceding resolutions and the corporate seal of the Company may be affixed to such powers of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be thereafter valid and binding upon the Company with respect to any bond, undertaking, contract or obligation in surety or co-surety with others to which it is attached.

IN WITNESS WHEREOF, the XL SPECIALTY INSURANCE COMPANY and GREENWICH INSURANCE COMPANY has caused its corporate seal to be hereunto affixed, and these presents to be signed by its duly authorized officers this October 30th, 2013.

XL SPECIALTY INSURANCE COMPANY
GREENWICH INSURANCE COMPANY

By: David S. Hewett

SENIOR VICE PRESIDENT

Attest: Terri Ann Perkins

SECRETARY

STATE OF CONNECTICUT
COUNTY OF FAIRFIELD

On this 30th day of October, 2013, before me personally came David S. Hewett to me known, who, being duly sworn, did depose and say: that he is Senior Vice President of XL SPECIALTY INSURANCE COMPANY and GREENWICH INSURANCE COMPANY, described in and which executed the above instrument; that he knows the seals of said Companies; that the seals affixed to the aforesaid instrument is such corporate seals and were affixed thereto by order and authority of the Boards of Directors of said Companies; and that he executed the said instrument by like order.

Kim D. Sliva
NOTARY PUBLIC

STATE OF CONNECTICUT

SB-0034--3/11

### PRIVACY POLICY

The XL America, Inc. Insurance group (the "Companies"), believe personal information that we collect about our customers, potential customers, and proposed insureds (referred to collectively in this Privacy Policy as "customers") must be treated with the highest degree of confidentiality. For this reason and in compliance with the Title V of the Gramm-Leach-Bliley Act ("GLBA"), we have developed a Privacy Policy that applies to all of our companies. For purposes of this Privacy Policy, the term "personal information" includes all information we obtain about a customer and maintain in a personally identifiable way. In order to assure the confidentiality of the personal information we collect and in order to comply with applicable laws, all individuals with access to personal information about our customers are required to follow this policy.

#### Our Privacy Promise

Your privacy and the confidentiality of your business records are important to us. Information and the analysis of information is essential to the business of insurance and critical to our ability to provide to you excellent, cost-effective service and products. We understand that gaining and keeping your trust depends upon the security and integrity of our records concerning you. Accordingly, we promise that:

1. We will follow strict standards of security and confidentiality to protect any information you share with us or information that we receive about you.
2. We will verify and exchange information regarding your credit and financial status only for the purposes of underwriting, policy administration, or risk management and only with reputable references and clearinghouse services;
3. We will not collect and use information about you and your business other than the minimum amount of information necessary to advise you about and deliver to you excellent service and products and to administer our business;
4. We will train our employees to handle information about you or your business in a secure and confidential manner and only permit employees authorized to use such information to have access to such information;
5. We will not disclose information about you or your business to any organization outside the XL insurance group of Companies or to third party service providers unless we disclose to you our intent to do so or we are required to do so by law;
6. We will not disclose medical information about you, your employees, or any claimants under any policy of insurance, unless you provide us with written authorization to do so, or unless the disclosure is for any specific business exception provided in the law;
7. We will attempt, with your help, to keep our records regarding you and your business complete and accurate, and will advise you how and where to access your account information (unless prohibited by law), and will advise you how to correct errors or make changes to that information; and
8. We will audit and assess our operations, personnel and third party service providers to assure that your privacy is respected.

#### Collection and Sources of Information

We collect from a customer or potential customer only the personal information that is necessary for (a) determining eligibility for the product or service sought by the customer, (b) administering the product or service obtained, and (c) advising the customer about our products and services. The information we collect generally comes from the following sources:

- Submission – during the submission process, you provide us with information about you and your business, such as your name, address, phone number, e-mail address, and other types of personal identification information.
- Quotes – We collect information to enable us to determine your eligibility for the particular insurance product and to determine the cost of such insurance to you. The information we collect will vary with the type of insurance you seek;
- Transactions – We will maintain records of all transactions with us, our affiliates, and our third party service providers, including your insurance coverage selections, premiums, billing and payment information, claims history, and other information related to your account.

- Claims – If you obtain insurance from us, we will maintain records related to any claims that may be made under your policies. The investigation of a claim necessarily involves collection of a broad range of information about many issues, some of which does not directly involve you. We will share with you any tests that we collect about your claim unless we are prohibited by law from doing so. The process of claim investigation, evaluation, and settlement also involves, however, the collection of advice, opinions, and comments from many people, including attorneys and experts, to aid the claim specialist in determining how best to handle your claim. In order to protect the legal and transactional confidentiality and privileges associated with such opinions, comments and advice, we will not disclose this information to you; and
- Credit and Financial Reports – We may receive information about you and your business regarding your credit. We use this information to verify information you provide during the submission and quote processes and to help underwrite and provide to you the most accurate and cost-effective insurance quote we can provide.

#### Retention and Correction of Personal Information

We retain personal information only as long as required by our business practices and applicable law. If we become aware that an item of personal information may be materially inaccurate, we will make reasonable effort to re-verify its accuracy and correct any error as appropriate.

#### Storage of Personal Information

We have in place safeguards to protect data and paper files containing personal information.

#### Sharing/Disclosing of Personal Information

We maintain procedures to assure that we do not share personal information with an unaffiliated third party for marketing purposes unless such sharing is permitted by law. Personal information may be disclosed to an unaffiliated third party for necessary servicing of the product or service or for other normal business transactions as permitted by law.

We do not disclose personal information to an unaffiliated third party for servicing purposes or joint marketing purposes unless a contract containing a confidentiality/non-disclosure provision has been signed by us and the third party. Unless a consumer consents, we do not disclose "consumer credit report" type information obtained from an application or a credit report requesting a customer who applies for a financial product to any unaffiliated third party for the purpose of serving as a factor in establishing a consumer's eligibility for credit, insurance or employment. "Consumer credit report type information" means such things as net worth, credit worthiness, lifestyle information (piloting, skydiving, etc.) solvency, etc. We also do not disclose to any unaffiliated third party a policy or account number for use in marketing. We may share with our affiliated companies information that relates to our experience and transactions with the customer.

#### Policy for Personal Information Relating to Nonpublic Personal Health Information

We do not disclose nonpublic personal health information about a customer unless an authorization is obtained from the customer whose nonpublic personal information is sought to be disclosed. However, an authorization shall not be prohibited, restricted or required for the disclosure of certain insurance functions, including, but not limited to, claims administration, claims adjustment and management, detection, investigation or reporting of actual or potential fraud, misrepresentation or criminal activity, underwriting, policy placement or issuance, loss control and/or auditing.

#### Access to Your Information

Our employees, employees of our affiliated companies, and third party service providers will have access to information we collect about you and your business as is necessary to effect transactions with you. We may also disclose information about you to the following categories of person or entities:

- Your independent insurance agent or broker;

- An independent claim adjuster or investigator, or an attorney or expert involved in the claim;
- Persons or organizations that conduct scientific studies, including actuaries and accountants;
- An insurance support organization;
- Another insurer if to prevent fraud or to properly underwrite a risk;
- A state insurance department or other governmental agency, if required by federal, state or local laws; or
- Any persons entitled to receive information as ordered by a summons, court order, search warrant, or subpoena.

#### Violation of the Privacy Policy

Any person violating the Privacy Policy will be subject to discipline, up to and including termination.

For more information or to address questions regarding this privacy statement, please contact your broker.

### FRAUD NOTICE

| | |
|---|---|
| Arkansas | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| Colorado | It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable for insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies. |
| District of Columbia | WARNING: It is a crime to provide false or misleading information to an insurer for the purpose of defrauding the insurer or any other person. Penalties include imprisonment and/or fines. In addition, an insurer may deny insurance benefits if false information materially related to a claim was provided by the applicant. |
| Florida | Any person who knowingly and with intent to injure, defraud, or deceive any insurance company files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree. |
| Hawaii | For your protection, Hawaii law requires you be informed that presenting a fraudulent claim for payment of a loss or benefit is a crime punishable by fines or imprisonment, or both. |
| Kentucky | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime. |
| Louisiana | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| Maine | It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines, or denial of insurance benefits. |
| Maryland | Any person who knowingly and willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly and willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |

| New Jersey | Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties. |
|---|---|
| New Mexico | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to civil fines and criminal penalties. |
| New York | **All Commercial Insurance Forms, Except As Provided For Automobile Insurance:** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.<br><br>**Automobile Insurance Forms:** Any person who knowingly makes or knowingly assists, abets, solicits or conspires with another to make a false report of the theft, destruction, damage or conversion of any motor vehicle to a law enforcement agency, the department of motor vehicles or an insurance company, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the value of the subject motor vehicle or stated claim for each violation.<br><br>**Fire Insurance:** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime. The proposed insured affirms that the foregoing information is true and agrees that these applications shall constitute a part of any policy issued whether attached or not and that any willful concealment or misrepresentation of a material fact or circumstances shall be grounds to rescind the insurance policy. |
| Ohio | Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud. |
| Oklahoma | **WARNING:** Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony. |
| Pennsylvania | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.<br><br>**Automobile Insurance Forms:** Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and the payment of a fine of up to $15,000. |

| Puerto Rico | Any person who knowingly and with the intention to defraud includes false information in an application for insurance or file, assist or abet in the filing of a fraudulent claim to obtain payment of a loss or other benefit, or files more than one claim for the same loss or damage, commits a felony and if found guilty shall be punished for each violation with a fine of no less than five thousand dollars ($5,000), nor to exceed ten thousand dollars ($10,000); or imprisoned for a fixed term of three (3) years, or both. If aggravating circumstances exist, the fixed jail term may be increased to a maximum of five (5) years; and if mitigating circumstances are present, the jail term may be reduced to a minimum of two (2) years. |
|---|---|
| Rhode Island | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| Tennessee | It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.<br><br>**Workers Compensation:** It is a crime to knowingly provide false, incomplete or misleading information to any party to a workers compensation transaction for the purpose of committing fraud. Penalties include imprisonment, fines and denial of insurance benefits. |
| Utah | **Workers Compensation:** Any person who knowingly presents false or fraudulent underwriting information, files or causes to be filed a false or fraudulent claim for disability compensation or medical benefits, or submits a false or fraudulent report or billing for health care fees or other professional services is guilty of a crime and may be subject to fines and confinement in state prison. |
| Virginia | It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits. |
| Washington | It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits. |
| West Virginia | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| All Other States | Any person who knowingly and willfully presents false information in an application for insurance may be guilty of insurance fraud and subject to fines and confinement in prison. |

## U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC")

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Policyholder Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC and possibly the U.S. Department of State. Please read this Policyholder Notice carefully.

OFAC administers and enforces sanctions policy based on Presidential declarations of "national emergency". OFAC has identified and listed numerous

- Foreign agents
- Front organizations
- Terrorists
- Terrorist organizations
- Narcotics traffickers

as *Specially Designated Nationals and Blocked Persons*. This list can be found on the U.S. Department of the Treasury's web site - http://www.treas.gov/ofac.

The Secretary of the Treasury also has identified a number of entities in the insurance, petroleum, and petrochemicals industries determined to be owned or controlled by the Iranian government. Business transactions with any of these entities are expressly prohibited. These entities have been added to OFAC's list of *Financial Institutions Determined To Be Owned or Controlled by the Government of Iran*. This list can be found on the U.S. Department of the Treasury's web site - http://www.treas.gov/offices/enforcement/ofac/

In accordance with OFAC regulations, or any applicable regulation promulgated by the U.S. Department of State, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance will be immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, neither payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

Executed in Triplicate
Premium: Included in
Performance Bond Charge

Liberty Bond No. 015042022, Travelers Bond No. 106001829, F&D/Zurich Bond No. 9140477
Federal Bond No. 82320076, CNA Bond No. 929573542, XL Bond No. SUR7402456

STATE OF CALIFORNIA
DEPARTMENT OF TRANSPORTATION

Bond No. _____

# PAYMENT BOND

(Section 3247, Civil Code)

WHEREAS, the State of California, Department of Transportation, hereafter referred to as "Obligee", has awarded to Contractor

## FLATIRON WEST INC

hereafter referred to as "Principal", a contract for the work described as follows:

## 01-479404    01-DN-199-20.3/25.9

Widen shoulders with HMA over AB, replace bridge and const ret walls.

AND, WHEREAS, said Principal is required to furnish a bond in connection with said contract, to secure the payment of claims of laborers, mechanics, materialmen and other persons as provided by law.

NOW,THEREFORE, we the undersigned Principal and Surety are bound unto the Obligee in the sum of

## Thirteen million six hundred twenty four thousand one hundred fifty seven and 50/100

dollars ($ **13,624,157.50** ) for which payment we bind ourselves, jointly and severally.

### THE CONDITION OF THIS OBLIGATION IS SUCH,

That if said Principal or its subcontractors shall fail to pay any of the persons named in Civil Code Section 3181, or amounts due under the unemployment Insurance Code with respect to work or labor performed by such claimant, or any amounts required to be deducted, withheld, and paid over to the Franchise tax Board from wages of employees of the Principle and his subcontractors pursuant to Section 18806 of the Revenue and Taxation Code, with respect to such work and labor, that the surety herein will pay for the same in an amount not exceeding the sum specified in this bond, otherwise the above obligation shall be void. In case suit is brought upon this bond, the surety will pay a reasonable attorney's fee to be fixed by the court.

This bond shall inure to the benefit of any of the persons named in Civil Code Section 3181 as to give a right of action to such persons or their assigns in any suit brought upon this bond.

Dated: _____ DEC 1 0 2013

| Correspondence or claims relating to this bond should be sent to the surety at the following address: | FLATIRON WEST INC |
|---|---|
| Liberty Mutual Insurance Company | By _____ <br> RICHARD GRABINSKI, *Principal* VICE PRESIDENT <br> See Attachment A |
| 450 Plymouth Road, Suite 400 | *Surety* |
| Plymouth Meeting, PA  19462 | By     See Attachment A <br> *Attorney-In-fact* |

NOTE: Signatures of those executing for the surety must be properly acknowledged, and a Power of Attorney attached.

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California
County of _____ SOLANO _____ }

On this **DECEMBER 24, 2013** before me, **LILLIAN M. SIMON, NOTARY PUBLIC**
⠀⠀⠀⠀⠀⠀⠀*Date*⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*Here Insert Name and Title of the Officer*
personally appeared _____ **RICHARD GRABINSKI** _____
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*Name(s) of Signer(s)*
⠀⠀⠀⠀**VICE PRESIDENT OF FLATIRON WEST INC.**

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*Signature of Notary Public*

(SEAL)

LILLIAN M. SIMON
COMM. # 1912118
NOTARY PUBLIC-CALIFORNIA
CONTRA COSTA COUNTY
MY COMM. EXP. DEC. 2, 2014

5

# ATTACHMENT A

**Liberty Bond No. 015042022**
**Travelers Bond No. 106001829**
**F&D/Zurich Bond No. 9140477**
**Federal Bond No. 82320076**
**C N A Bond No. 929573542**
**XL Bond No. SUR7402456**

Liberty Mutual Insurance Company, a Massachusetts Corporation;
Travelers Casualty and Surety Company of America; a Connecticut Corporation
Fidelity and Deposit Company of Maryland, a Maryland Corporation
Zurich American Insurance Company, a New York Corporation;
Federal Insurance Company, an Indiana Corporation;
The Continental Insurance Company, a Pennsylvania Corporation;
XL Specialty Insurance Company, a Delaware Corporation

Liberty Mutual Insurance Company – A.M. Best Rating A XV
175 Berkeley Street, Boston, MA  02116  - Fax (212)-221-5608
Contact: David D. Roberts, Branch Manager – (212) 719-7750 – davidd.roberts@libertymutual.com

Travelers Casualty and Surety Company of America – A.M. Best Rating A+ XV
Construction Services, One Tower Square, Hartford, CT  06183
Contact: Brian Bialaski – VP, (860) 277-1914, Fax –( 860)-277-3931 – bbialaski@travelers.com

Fidelity and Deposit Company of Maryland/Zurich American Insurance Company – A.M. Best Rating A+ XV
1400 American Lane, Schaumburg, IL  60196 – Fax (410)-261-7957
Contact: Thomas McClellan, Sr. Underwriting Officer – (410)-559-8730 – tom.mcclellan@zurichna.com

Federal Insurance Company – A.M. Best Rating A++ XV
15 Mountain View Road, Warren, NJ  07061 – Fax (908)-526-2060 – mlubin@chubb.com
Contact: Matthew Lubin, Director, National Engineering and Construction Group – (908) 903-3461

The Continental Insurance Company – A.M. Best Rating A XV
333 S. Wabash Avenue, 41st Floor, Chicago, IL  60604 – Fax (212)-440-7351
Contact: Jon Fullerton, Branch Manager (212)-440-7356 – jon.fullerton@cnasurety.com

XL Specialty Insurance Company – A.M. Best A XV
Seaview House, 70 Seaview Avenue, Stamford, CT  06902 – Fax (410)-385-8010
Contact: William Mills, Senior VP, - (410)-385-8411 – bill.mills@xlgroup.com

By: _____
Mary K. McKee, Attorney-In-Fact

Witness: _____

By: _____
Maria L. Spadaccini

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this __10th__ day of __December_, _2013___, before me personally came

___Mary R. McKee___ to me known, who, being by me duly sworn, did depose and

say that she/he resides in_ Saddle Brook, NJ _that she/he is the Attorney In Fact of

Liberty Mutual Insurance Company ___ the corporation described in and which executed

the above instrument that she/he knows the seal of said corporation; that the seal affixed

to said instrument is such corporate seal; that it was so affixed by order of the Board of

Directors of said corporation, and that she/he signed her/his name thereto by like order.

(SEAL)

Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014


**Liberty Mutual.**
SURETY

### LIBERTY MUTUAL INSURANCE COMPANY

### FINANCIAL STATEMENT — DECEMBER 31, 2012

| Assets | |
|---|---:|
| Cash and Bank Deposits | $ 903,711,694 |
| *Bonds — U.S Government | 1,166,929,471 |
| *Other Bonds | 11,415,194,219 |
| *Stocks | 8,104,853,899 |
| Real Estate | 255,967,320 |
| Agents' Balances or Uncollected Premiums | 3,482,069,753 |
| Accrued Interest and Rents | 144,016,763 |
| Other Admitted Assets | 14,732,623,458 |
| **Total Admitted Assets** | **$40,205,366,577** |

| Liabilities | |
|---|---:|
| Unearned Premiums | $4,205,141,671 |
| Reserve for Claims and Claims Expense | 17,056,420,207 |
| Funds Held Under Reinsurance Treaties | 1,315,062,091 |
| Reserve for Dividends to Policyholders | 2,455,411 |
| Additional Statutory Reserve | 49,768,998 |
| Reserve for Commissions, Taxes and Other Liabilities | 3,066,051,537 |
| **Total** | **$25,694,899,915** |
| Special Surplus Funds | $604,621,497 |
| Capital Stock | 10,000,000 |
| Paid in Surplus | 7,899,471,886 |
| Unassigned Surplus | 5,996,373,279 |
| **Surplus to Policyholders** | **14,510,466,662** |
| **Total Liabilities and Surplus** | **$40,205,366,577** |



\* Bonds are stated at amortized or investment value; Stocks at Association Market Values.
The foregoing financial information is taken from Liberty Mutual Insurance Company's financial statement filed with the state of Massachusetts Department of Insurance.

I, TIM MIKOLAJEWSKI, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the foregoing is a true, and correct statement of the Assets and Liabilities of said Corporation, as of December 31, 2012, to the best of my knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation at Seattle, Washington, this 25th day of March, 2013.

_T A Mikolajewski_

Assistant Secretary

This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

Certificate No. 6320282

American Fire and Casualty Company          Liberty Mutual Insurance Company
The Ohio Casualty Insurance Company          West American Insurance Company

# POWER OF ATTORNEY

KNOWN ALL PERSONS BY THESE PRESENTS: That American Fire & Casualty Company and The Ohio Casualty Insurance Company are corporations duly organized under the laws of the State of New Hampshire, that Liberty Mutual Insurance Company is a corporation duly organized under the laws of the State of Massachusetts, and West American Insurance Company is a corporation duly organized under the laws of the State of Indiana (herein collectively called the "Companies"), pursuant to and by authority herein set forth, does hereby name, constitute and appoint,    Alice McLaughlin; Maria L. Spadaccini; Mary R. McKee; Nicholas F. Walsh; Sherryanne M. DePirro

all of the city of  Woodcliff Lake , state of  NJ          each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents and shall be as binding upon the Companies as if they have been duly signed by the president and attested by the secretary of the Companies in their own proper persons.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Companies and the corporate seals of the Companies have been affixed thereto this  17th  day of  October  ,  2013  .

American Fire and Casualty Company
The Ohio Casualty Insurance Company
Liberty Mutual Insurance Company
West American Insurance Company

By: _Gregory W. Davenport_
Gregory W. Davenport, Assistant Secretary

STATE OF WASHINGTON          ss
COUNTY OF KING

On this  17th  day of  October  ,  2013 , before me personally appeared Gregory W. Davenport, who acknowledged himself to be the Assistant Secretary of American Fire and Casualty Company, Liberty Mutual Insurance Company, The Ohio Casualty Company, and West American Insurance Company, and that he, as such, being authorized so to do, execute the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Seattle, Washington, on the day and year first above written.

By: _KD Riley_
KD Riley , Notary Public

This Power of Attorney is made and executed pursuant to and by authority of the following By-laws and Authorizations of American Fire and Casualty Company, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company which resolutions are now in full force and effect reading as follows:

ARTICLE IV – OFFICERS – Section 12. Power of Attorney. Any officer or other official of the Corporation authorized for that purpose in writing by the Chairman or the President, and subject to such limitation as the Chairman or the President may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Corporation to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Corporation by their signature and execution of any such instruments and to attach thereto the seal of the Corporation. When so executed, such instruments shall be as binding as if signed by the President and attested to by the Secretary. Any power or authority granted to any representative or attorney-in-fact under the provisions of this article may be revoked at any time by the Board, the Chairman, the President or by the officer or officers granting such power or authority.

ARTICLE XIII – Execution of Contracts – SECTION 5. Surety Bonds and Undertakings. Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

Certificate of Designation – The President of the Company, acting pursuant to the Bylaws of the Company, authorizes Gregory W. Davenport, Assistant Secretary to appoint such attorneys-in-fact as may be necessary to act on behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

Authorization – By unanimous consent of the Company's Board of Directors, the Company consents that facsimile or mechanically reproduced signature of any assistant secretary of the Company, wherever appearing upon a certified copy of any power of attorney issued by the Company in connection with surety bonds, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

I, David M. Carey, the undersigned, Assistant Secretary, of American Fire and Casualty Company, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy of the Power of Attorney executed by said Companies, is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this  10th  day of  December  ,  20 13 .

By: _David M. Carey_
David M. Carey, Assistant Secretary

*To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.*

*Not valid for mortgage, note, loan, letter of credit, currency rate, interest rate or residual value guarantees.*

LMS_12873_092012

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this __10th__ day of __December__, __2013__, before me personally came __Mary R. McKee__ to me known, who, being by me duly sworn, did depose and say that she/he resides in __Saddle Brook, NJ__ that she/he is the __Attorney In Fact__ of __Travelers Casualty and Surety Company of America__ the corporation described in and which executed the above instrument that she/he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that she/he signed her/his name thereto by like order.

(SEAL)



Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

HARTFORD, CONNECTICUT 06183

FINANCIAL STATEMENT AS OF DECEMBER 31, 2012

CAPITAL STOCK $ 6,480,000

| ASSETS | | LIABILITIES & SURPLUS | |
|---|---|---|---|
| CASH AND INVESTED CASH | $ 15,036,791 | UNEARNED PREMIUMS | $ 783,409,692 |
| BONDS | 3,715,171,018 | LOSSES | 901,058,710 |
| INVESTMENT INCOME DUE AND ACCRUED | 60,768,732 | REINSURANCE PAYABLE ON PAID LOSSES & LOSS ADJ. EXPENSES | 1,448,021 |
| OTHER INVESTED ASSETS | 260,730,697 | LOSS ADJUSTMENT EXPENSES | 534,370,680 |
| PREMIUM BALANCES | 194,942,608 | COMMISSIONS | 29,281,779 |
| NET DEFERRED TAX ASSET | 63,274,378 | TAXES, LICENSES AND FEES | 96,762,884 |
| REINSURANCE RECOVERABLE | 12,410,624 | OTHER EXPENSES | 35,588,997 |
| SECURITIES LENDING REINVESTED COLLATERAL ASSETS | 7,769,155 | FUNDS HELD UNDER REINSURANCE TREATIES | 94,449,544 |
| RECEIVABLES FROM PARENT, SUBSIDIARIES AND AFFILIATES | 11,060,470 | CURRENT FEDERAL AND FOREIGN INCOME TAXES | 60,675,573 |
| UNDISTRIBUTED PAYMENTS | (1,430,585) | REMITTANCES AND ITEMS NOT ALLOCATED | 19,270,931 |
| OTHER ASSETS | 884,093 | AMOUNTS WITHHELD / RETAINED BY COMPANY FOR OTHERS | 70,084,806 |
| | | RETROACTIVE REINSURANCE RESERVE ASSUMED | 3,163,164 |
| | | POLICYHOLDER DIVIDENDS | 6,730,121 |
| | | PROVISION FOR REINSURANCE | 6,314,326 |
| | | ADVANCE PREMIUM | 726,898 |
| | | PAYABLE FOR SECURITIES LENDING | 7,769,155 |
| | | CEDED REINSURANCE NET PREMIUMS PAYABLE | (70,803,744) |
| | | ESCHEAT LIABILITY | 526,399 |
| | | OTHER ACCRUED EXPENSES AND LIABILITIES | 282,092 |
| | | TOTAL LIABILITIES | $ 2,559,106,957 |
| | | | |
| | | CAPITAL STOCK | $ 6,480,000 |
| | | PAID IN SURPLUS | 433,803,760 |
| | | OTHER SURPLUS | 1,340,168,061 |
| | | TOTAL SURPLUS TO POLICYHOLDERS | $ 1,780,451,621 |
| | | | |
| TOTAL ASSETS | $ 4,339,558,778 | TOTAL LIABILITIES & SURPLUS | $ 4,339,558,778 |

STATE OF CONNECTICUT )

COUNTY OF HARTFORD ) SS.

CITY OF HARTFORD )

MICHAEL J. DOODY, BEING DULY SWORN, SAYS THAT HE IS SECOND VICE PRESIDENT, OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

AND THAT TO THE BEST OF HIS KNOWLEDGE AND BELIEF, THE FOREGOING IS A TRUE AND CORRECT STATEMENT OF THE FINANCIAL CONDITION OF SAID

COMPANY AS OF THE 31ST DAY OF DECEMBER, 2012.

_____
SECOND VICE PRESIDENT

SUBSCRIBED AND SWORN TO BEFORE ME THIS
20TH DAY OF MARCH, 2013

_____
NOTARY PUBLIC

SUSAN M. WEISSLEDER
Notary Public
My Commission Expires November 30, 2017

# POWER OF ATTORNEY



Farmington Casualty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company

St. Paul Mercury Insurance Company
Travelers Casualty and Surety Company
Travelers Casualty and Surety Company of America
United States Fidelity and Guaranty Company

Attorney-In-Fact No. 227173

Certificate No. 005646640

KNOW ALL MEN BY THESE PRESENTS: That Farmington Casualty Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company are corporations duly organized under the laws of the State of Connecticut, that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc., is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint

Alice McLaughlin, Mary R. McKee, Sherryanne M. DePirro, Maria L. Spadaccini, and Nicholas F. Walsh

of the City of _____Woodcliff Lake_____, State of_____New Jersey_____, their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

WITNESS WHEREOF, the Companies have caused this instrument to be signed and their corporate seals to be hereto affixed, this _____19th_____ day of _____September_____ 2013.

Farmington Casualty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company

St. Paul Mercury Insurance Company
Travelers Casualty and Surety Company
Travelers Casualty and Surety Company of America
United States Fidelity and Guaranty Company

State of Connecticut
City of Hartford ss.

By: _____
Robert L. Raney, Senior Vice President

On this the _____19th_____ day of _____September_____, _____2013_____, before me personally appeared Robert L. Raney, who acknowledged himself to be the Senior Vice President of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

In Witness Whereof, I hereunto set my hand and official seal.
My Commission expires the 30th day of June, 2016.

_____
Marie C. Tetreault, Notary Public

58440-8-12 Printed in U.S.A.

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this __10th__ day of ___December_, 2013___, before me personally came
____Mary R. McKee___ to me known, who, being by me duly sworn, did depose and
say that **she**/he resides in__ Saddle Brook, NJ __that she/he is the Attorney In Fact of
Fidelity and Deposit Company of Maryland_____ the corporation described in and
which executed the above instrument that **she**/he knows the seal of said corporation; that
the seal affixed to said instrument is such corporate seal; that it was so affixed by order of
the Board of Directors of said corporation, and that **she**/he signed her/his name thereto by
like order.

(SEAL)

Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014

# FIDELITY AND DEPOSIT COMPANY
### OF MARYLAND
600 Red Brook Blvd., Suite 600, Owings Mills, MD 21117

### Statement of Financial Condition
As Of December 31, 2012

## ASSETS

| | | |
|---|---|---:|
| Bonds | $ | 157,177,826 |
| Stocks | | 23,000,311 |
| Cash and Short Term Investments | | 119,155 |
| Reinsurance Recoverable | | 17,923,564 |
| Other Accounts Receivable | | 35,473,256 |
| TOTAL ADMITTED ASSETS | $ | 233,694,113 |

## LIABILITIES, SURPLUS AND OTHER FUNDS

| | | | |
|---|---|---:|---:|
| Reserve for Taxes and Expenses | | $ | 74,782 |
| Ceded Reinsurance Premiums Payable | | | 48,323,524 |
| Securities Lending Collateral Liability | | | 1,716,240 |
| TOTAL LIABILITIES | | $ | 50,114,546 |
| Capital Stock, Paid Up | $ | 5,000,000 | |
| Surplus | | 178,579,567 | |
| Surplus as regards Policyholders | | | 183,579,567 |
| TOTAL | | $ | 233,694,113 |

Securities carried at $59,468,002 in the above statement are deposited as required by law.

Securities carried on the basis prescribed by the National Association of Insurance Commissioners. On the basis of December 31, 2012 market quotations for all bonds and stocks owned, the Company's total admitted assets would be $243,518,971 and surplus as regards policyholders $193,404,425.

I, DENNIS F. KERRIGAN, Corporate Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing statement is a correct exhibit of the assets and liabilities of the said Company on the 31st day of December, 2012.

_____
*Corporate Secretary*

State of Illinois  } SS:
City of Schaumburg

Subscribed and sworn to, before me, a Notary Public of the State of Illinois, in the City of Schaumburg, this 15th day of March, 2013.

_____
*Notary Public*

OFFICIAL SEAL
DARRYL JOINER
Notary Public - State of Illinois
My Commission Expires May 3, 2014

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this __10th__ day of __December__, __2013__, before me personally came __Mary R. McKee__ to me known, who, being by me duly sworn, did depose and say that she/he resides in __Saddle Brook, NJ__ that she/he is the Attorney In Fact of Zurich American Insurance Company __ the corporation described in and which executed the above instrument that she/he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that she/he signed her/his name thereto by like order.

(SEAL)

Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014

ZURICH AMERICAN INSURANCE COMPANY
COMPARATIVE BALANCE SHEET
ONE LIBERTY PLAZA, 165 BROADWAY, 32nd FLOOR, NEW YORK, NY 10006
As of December 31, 2012 and December 31, 2011

| Assets | | 12/31/2012 | | 12/31/2011 |
|---|---|---|---|---|
| Bonds | $ | 18,907,466,866 | $ | 18,985,096,131 |
| Preferred Stock | | - | | 259,036 |
| Common Stock | | 2,123,025,432 | | 2,068,881,919 |
| Other Invested Assets | | 2,035,077,824 | | 2,065,634,039 |
| Short-term Investments | | 126,053,209 | | 107,298,374 |
| Receivable for securities | | 134,410,839 | | 18,523,294 |
| Cash and cash equivalents | | 728,298,115 | | (128,716,627) |
| Securities lending reinvested collateral assets | | 225,335,750 | | 120,821,061 |
| Employee Trust for Deferred Compensation Plan | | 130,493,778 | | 124,809,033 |
| Total Cash and Invested Assets | $ | 24,410,161,814 | $ | 23,362,606,260 |
| | | | | |
| Premiums Receivable | $ | 3,649,247,239 | $ | 3,611,868,304 |
| Funds Held with Reinsurers | | 3,681,443 | | 28,073,922 |
| Reinsurance Recoverable | | 215,451,507 | | 233,357,918 |
| Accrued Investment Income | | 121,729,727 | | 149,372,442 |
| Federal Income Tax Recoverable | | 930,267,731 | | 788,664,462 |
| Due from Affiliates | | 187,274,289 | | 95,583,016 |
| Other Assets | | 493,265,075 | | 459,639,011 |
| Total Assets | $ | 30,011,078,824 | $ | 28,729,165,335 |

Liabilities and Policyholders' Surplus
Liabilities:

| | | | | |
|---|---|---|---|---|
| Loss and LAE Reserves | $ | 14,244,436,264 | $ | 14,401,632,170 |
| Unearned Premium Reserve | | 4,159,670,241 | | 4,066,273,586 |
| Funds Held with Reinsurers | | 212,412,675 | | 218,214,563 |
| Loss In Course of Payment | | 408,170,112 | | 353,274,509 |
| Commission Reserve | | 64,038,359 | | 63,749,920 |
| Federal Income Tax Payable | | 16,190,044 | | 47,352,138 |
| Remittances and Items Unallocated | | 196,410,982 | | 69,677,903 |
| Payable to parent, subs and affiliates | | 57,540,814 | | 92,111,683 |
| Provision for Reinsurance | | 66,649,220 | | 60,498,188 |
| Ceded Reinsurance Premiums Payable | | 551,510,878 | | 278,235,370 |
| Securities Lending Collateral Liability | | 225,335,750 | | 120,821,061 |
| Other Liabilities | | 2,166,453,164 | | 1,938,544,837 |
| Total Liabilities | $ | 22,368,818,502 | $ | 21,710,385,928 |

Policyholders' Surplus:

| | | | | |
|---|---|---|---|---|
| Common Capital Stock | $ | 5,000,000 | $ | 5,000,000 |
| Paid-In and Contributed Surplus | | 4,394,131,321 | | 4,394,131,320 |
| Surplus Notes | | 430,000,000 | | 883,000,000 |
| Special Surplus Funds | | 43,259,000 | | 396,438,437 |
| Cumulative Unrealized Gain | | 331,857,594 | | 209,454,958 |
| Unassigned Surplus | | 2,438,012,408 | | 1,130,754,692 |
| Total Policyholders' Surplus | $ | 7,642,260,323 | $ | 7,018,779,407 |
| | | | | |
| Total Liabilities and Policyholders' Surplus | $ | 30,011,078,824 | $ | 28,729,165,335 |

I, Dennis F. Kerrigan, Corporate Secretary of ZURICH AMERICAN INSURANCE COMPANY do hereby certify
that the foregoing statement is a correct exhibit of the assets and liabilities of the said Company, on the
31st day of December, 2012, according to the best of my information, knowledge and belief.

_Corporate Secretary_

State of Illinois
County of Cook } SS:

Subscribed and sworn to, before me, a Notary Public of the State of Illinois, in the City of Schaumburg,
this 15th day of March, 2013.

_Notary public_

OFFICIAL SEAL
DARRYL JOINER
Notary Public - State of Illinois
My Commission Expires May 3, 2014

### ZURICH AMERICAN INSURANCE COMPANY
### COLONIAL AMERICAN CASUALTY AND SURETY COMPANY
### FIDELITY AND DEPOSIT COMPANY OF MARYLAND
### POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That the ZURICH AMERICAN INSURANCE COMPANY, a corporation of the State of New York, the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, a corporation of the State of Maryland, and the FIDELITY AND DEPOSIT COMPANY OF MARYLAND a corporation of the State of Maryland (herein collectively called the "Companies"), by JAMES M. CARROLL, Vice President, in pursuance of authority granted by Article V, Section 8, of the By-Laws of said Companies, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, do hereby nominate, constitute, and appoint **Sandra K. WOLF, Alice MCLAUGHLIN, Mary R. MCKEE, Maria L. SPADACCINI and Sherryanne M. DEPIRRO,** all of Woodcliff Lake, New Jersey, **EACH** its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: **any and all bonds and undertakings,** and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Companies, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the ZURICH AMERICAN INSURANCE COMPANY at its office in New York, New York., the regularly elected officers of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at its office in Owings Mills, Maryland., and the regularly elected officers of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at its office in Owings Mills, Maryland., in their own proper persons.

The said Vice President does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article V, Section 8, of the By-Laws of said Companies, and is now in force.

IN WITNESS WHEREOF, the said Vice-President has hereunto subscribed his/her names and affixed the Corporate Seals of the said ZURICH AMERICAN INSURANCE COMPANY, COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, this 21st day of June, A.D. 2012.

ATTEST:

ZURICH AMERICAN INSURANCE COMPANY
COLONIAL AMERICAN CASUALTY AND SURETY COMPANY
FIDELITY AND DEPOSIT COMPANY OF MARYLAND

  

By: _____

*Assistant Secretary*
*Eric D. Barnes*

_____

*Vice President*
*James M. Carroll*

State of Maryland
City of Baltimore

On this 21st day of June, A.D. 2012, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, JAMES M. CARROLL, Vice President, and ERIC D. BARNES, Assistant Secretary, of the Companies, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and acknowledged the execution of same, and being by me duly sworn, deposeth and saith, that he/she is the said officer of the Company aforesaid, and that the seals affixed to the preceding instrument are the Corporate Seals of said Companies, and that the said Corporate Seals and the signature as such officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporations.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

_____
Maria D. Adamski, Notary Public
My Commission Expires: July 8, 2015

POA-F 093-0064D

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN


On this __10th__ day of __December__ , __2013__ , before me personally came

___Mary R. McKee___ to me known, who, being by me duly sworn, did depose and

say that she/he resides in__Saddle Brook, NJ__that she/he is the Attorney In Fact of

Federal Insurance Company ___ the corporation described in and which executed the

above instrument that she/he knows the seal of said corporation; that the seal affixed to

said instrument is such corporate seal; that it was so affixed by order of the Board of

Directors of said corporation, and that she/he signed her/his name thereto by like order.

(SEAL)

Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014

# FEDERAL INSURANCE COMPANY

## STATEMENT OF ASSETS, LIABILITIES AND SURPLUS TO POLICYHOLDERS

Statutory Basis

### DECEMBER 31, 2012

(in thousands of dollars)

|  | ASSETS |  | LIABILITIES AND SURPLUS TO POLICYHOLDERS |  |
|---|---|---|---|---|
| Cash and Short Term Investments | $ 402,323 | Outstanding Losses and Loss Expenses | $ 12,627,388 |
| United States Government, State and |  | Unearned Premiums | 3,416,163 |
| Municipal Bonds | 9,901,519 | Ceded Reinsurance Premiums Payable | 364,197 |
| Other Bonds | 4,595,536 | Provision for Reinsurance | 62,250 |
| Stocks | 811,166 | Other Liabilities | 935,654 |
| Other Invested Assets | 1,681,828 |  |  |
| TOTAL INVESTMENTS | 17,392,372 | TOTAL LIABILITIES | 17,405,652 |
| Investments in Affiliates: |  |  |  |
| Chubb Investment Holdings, Inc. | 3,352,969 | Capital Stock | 20,980 |
| Pacific Indemnity Company | 2,496,198 | Paid-In Surplus | 3,106,809 |
| Chubb Insurance Investment Holdings Ltd. | 1,228,075 | Unassigned Funds | 10,713,227 |
| Executive Risk Indemnity Inc | 1,100,637 |  |  |
| CC Canada Holdings Ltd. | 758,892 |  |  |
| Chubb Insurance Company of Australia Limited | 517,597 | SURPLUS TO POLICYHOLDERS | 13,841,016 |
| Great Northern Insurance Company | 438,592 |  |  |
| Chubb European Investment Holdings SLP | 265,490 |  |  |
| Vigilant Insurance Company | 246,766 |  |  |
| Other Affiliates | 429,458 |  |  |
| Premiums Receivable | 1,494,693 |  |  |
| Other Assets | 1,524,929 |  |  |
| TOTAL ADMITTED ASSETS | $ 31,246,668 | TOTAL LIABILITIES AND SURPLUS TO POLICYHOLDERS | $ 31,246,668 |

Investments are valued in accordance with requirements of the National Association of Insurance Commissioners. Investments with a carrying value of $430,688,714 are deposited with government authorities as required by law.

State, County & City of New York, — ss:

__Yvonne Baker, Assistant Secretary__ of the Federal Insurance Company being duly sworn, deposes and says that the foregoing Statement of Assets, Liabilities and Surplus to Policyholders of said Federal Insurance Company on December 31, 2012 is true and correct and is a true abstract of the Annual Statement of said Company as filed with the Secretary of the Treasury of the United States for the 12 months ending December 31, 2012.

Subscribed and sworn to before me this March 31, 2013.

*Dorothy Baker*
Notary Public

*Yvonne Baker*
Assistant Secretary

DOROTHY M. BAKER
Notary Public, State of New York
No. 31-4904994
Qualified in New York County
Commission Expires Sept. 14, 2013

Form 15-10-0310A (Rev. 3/13)



| **Chubb** | **POWER** | **Federal Insurance Company** | **Attn: Surety Department** |
| **Surety** | **OF** | **Vigilant Insurance Company** | **15 Mountain View Road** |
| | **ATTORNEY** | **Pacific Indemnity Company** | **Warren, NJ 07059** |

Know All by These Presents, That FEDERAL INSURANCE COMPANY, an Indiana corporation, VIGILANT INSURANCE COMPANY, a New York corporation, and PACIFIC INDEMNITY COMPANY, a Wisconsin corporation, do each hereby constitute and appoint Sherryanne M. DePirro, Mary R. McKee, Alice McLaughlin, Maria L. Spadaccini and Sandra K. Wolf of Woodcliff Lake, New Jersey ——————————————————————————————————————————————

each as their true and lawful Attorney- In- Fact to execute under such designation in their names and to affix their corporate seals to and deliver for and on their behalf as surety thereon or otherwise, bonds and undertakings and other writings obligatory in the nature thereof (other than bail bonds) given or executed in the course of business, and any instruments amending or altering the same, and consents to the modification or alteration of any instrument referred to in said bonds or obligations.

In Witness Whereof, said FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY have each executed and attested these presents and affixed their corporate seals on this    25th    day of    **January, 2013.**

Dawn M. Chloros, Assistant Secretary

David B. Norris, Jr., Vice President

STATE OF NEW JERSEY
County of Somerset          ss.

On this    **25th** day of    **January 25, 2013** before me, a Notary Public of New Jersey, personally came Dawn M. Chloros, to me known to be Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY, the companies which executed the foregoing Power of Attorney, and the said Dawn M. Chloros, being by me duly sworn, did depose and say that he is Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY and knows the corporate seals thereof, that the seals affixed to the foregoing Power of Attorney are such corporate seals and were thereto affixed by authority of the By- Laws of said Companies; and that he signed said Power of Attorney as Assistant Secretary of said Companies by like authority; and that he is acquainted with David B. Norris, Jr., and knows him to be Vice President of said Companies; and that the signature of David B. Norris, Jr., subscribed to said Power of Attorney is in the genuine handwriting of David B. Norris, Jr., and was thereto subscribed by authority of said By- Laws and in deponent's presence.

Notarial Seal



KATHERINE J. ADELAAR
NOTARY PUBLIC OF NEW JERSEY
No. 2316685
Commission Expires July 14, 2014

Notary Public

## CERTIFICATION

Extract from the By- Laws of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY:

"All powers of attorney for and on behalf of the Company may and shall be executed in the name and on behalf of the Company, either by the Chairman or the President or a Vice President or an Assistant Vice President, jointly with the Secretary or an Assistant Secretary, under their respective designations. The signature of such officers may be engraved, printed or lithographed. The signature of each of the following officers: Chairman, President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Assistant Secretaries or Attorneys- in- Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached."

I, Dawn M. Chloros, Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY
(the "Companies") do hereby certify that

   (i)    the foregoing extract of the By- Laws of the Companies is true and correct,
   (ii)   the Companies are duly licensed and authorized to transact surety business in all 50 of the United States of America and the District of Columbia and are authorized by the U.S. Treasury Department; further, Federal and Vigilant are licensed in Puerto Rico and the U.S. Virgin Islands, and Federal is licensed in American Samoa, Guam, and each of the Provinces of Canada except Prince Edward Island; and
   (iii)  the foregoing Power of Attorney is true, correct and in full force and effect.

Given under my hand and seals of said Companies at Warren, NJ this    10th    day of    December, 2013,

 

Dawn M. Chloros, Assistant Secretary

IN THE EVENT YOU WISH TO NOTIFY US OF A CLAIM, VERIFY THE AUTHENTICITY OF THIS BOND OR NOTIFY US OF ANY OTHER MATTER, PLEASE CONTACT US AT ADDRESS LISTED ABOVE, OR BY   Telephone (908) 903- 3493 Fax (908) 903- 3656
e-mail:  surety@chubb.com

Form 15-10- 0225B- U   (Ed. 5- 03)  CONSENT

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this ___10th_____ day of ___December__, 2013_____, before me personally came

_____Mary R. McKee____ to me known, who, being by me duly sworn, did depose and

say that she/he resides in _Saddle Brook, NJ_ that she/he is the Attorney In Fact of

The Continental Insurance Company_____ the corporation described in and which

executed the above instrument that she/he knows the seal of said corporation; that the

seal affixed to said instrument is such corporate seal; that it was so affixed by order of the

Board of Directors of said corporation, and that she/he signed her/his name thereto by

like order.

(SEAL)

_____

Esther Coban
Notary Public of New Jersey
My Commission Expires
February 18, 2014

# THE CONTINENTAL INSURANCE COMPANY
Radnor, Pennsylvania
Statement of Net Admitted Assets and Liabilities
December 31, 2012

## ASSETS

| | | |
|---|---|---:|
| Bonds | $ | 1,918,305,261 |
| Stocks | | 152,148,209 |
| Cash and short-term investments | | 382,477,651 |
| Uncollected premiums and agents' balances | | 52,728,223 |
| Amounts recoverable from reinsurers | | 23,547,316 |
| Funds held by or deposited with reinsured companies | | 2,365,261 |
| Net deferred tax asset | | 81,173,005 |
| Investment income due and accrued | | 23,894,634 |
| Other assets | | 71,841,445 |
| Total Assets | $ | 2,708,481,005 |

## LIABILITIES AND SURPLUS

| | | |
|---|---|---:|
| Losses | $ | 763,621,953 |
| Loss adjustment expense | | 34,421,591 |
| Contingent and other commissions payable | | 15,556,713 |
| Other expense | | 7,514,186 |
| Taxes, licenses and fees | | 44,994,884 |
| Other liabilities | | 519,410,554 |
| Total Liabilities | | 1,385,519,881 |

| | | | |
|---|---:|---|---:|
| Surplus Account: | | | |
| Capital paid up | 53,566,360 | | |
| Gross paid in and contributed surplus | 1,423,436,994 | | |
| Special Surplus | 5,058,970 | | |
| Unassigned funds | (159,101,200) | | |
| Surplus as regards policyholders | | $ | 1,322,961,124 |
| Total Liabilities and Capital | | $ | 2,708,481,005 |

I, OJ B. Magana, Assistant Vice President of The Continental Insurance Company hereby certify that the above is an accurate representation of the financial statement of the Company dated December 31, 2012, as filed with the various Insurance Departments and is a true and correct statement of the condition of The Continental Insurance Company as of that date.

The Continental Insurance Company

By _____
Assistant Vice President

Subscribed and sworn to me this ___25th___ day of ___March___ , 2013.

My commission expires:

_____
Notary Public

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆
"OFFICIAL SEAL"
KATHLEEN M. SCHROEDER
Notary Public. State of Illinois
My Commission Expires 08/16/15
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

## POWER OF ATTORNEY APPOINTING INDIVIDUAL ATTORNEY-IN-FACT

**Know All Men By These Presents,** That The Continental Insurance Company, a Pennsylvania insurance company, is a duly organized and existing insurance company having its principal office in the City of Chicago, and State of Illinois, and that it does by virtue of the signature and seal herein affixed hereby make, constitute and appoint

**Alice Mc Laughlin, Mary R Mc Kee, Maria L Spadaccini, Sherryanne M De Pirro, Nicholas F Walsh, Individually**

of Woodcliff Lake, NJ, its true and lawful Attorney(s)-in-Fact with full power and authority hereby conferred to sign, seal and execute for and on its behalf bonds, undertakings and other obligatory instruments of similar nature

### - In Unlimited Amounts -

and to bind them thereby as fully and to the same extent as if such instruments were signed by a duly authorized officer of the insurance company and all the acts of said Attorney, pursuant to the authority hereby given is hereby ratified and confirmed.

This Power of Attorney is made and executed pursuant to and by authority of the By-Law and Resolutions, printed on the reverse hereof, duly adopted, as indicated, by the Board of Directors of the insurance company.

**In Witness Whereof,** The Continental Insurance Company has caused these presents to be signed by its Vice President and its corporate seal to be hereto affixed on this 28th day of October, 2013.



The Continental Insurance Company

Paul T. Bruflat        Vice President

State of South Dakota, County of Minnehaha, ss:

On this 28th day of October, 2013, before me personally came Paul T. Bruflat to me known, who, being by me duly sworn, did depose and say: that he resides in the City of Sioux Falls, State of South Dakota; that he is a Vice President of The Continental Insurance Company, a Pennsylvania insurance company, described in and which executed the above instrument; that he knows the seal of said insurance company; that the seal affixed to the said instrument is such corporate seal; that it was so affixed pursuant to authority given by the Board of Directors of said insurance company and that he signed his name thereto pursuant to like authority, and acknowledges same to be the act and deed of said insurance company.

J. MOHR
NOTARY PUBLIC
SEAL SOUTH DAKOTA SEAL

My Commission Expires June 23, 2015

J. Mohr        Notary Public

### CERTIFICATE

I, D. Bult, Assistant Secretary of The Continental Insurance Company, a Pennsylvania insurance company, do hereby certify that the Power of Attorney herein above set forth is still in force, and further certify that the By-Law and Resolution of the Board of Directors of the insurance company printed on the reverse hereof is still in force. In testimony whereof I have hereunto subscribed my name and affixed the seal of the said insurance company this _10th_ day of _December_, _2013_.

The Continental Insurance Company

D. Bult        Assistant Secretary

Form F6850-4/2012

# CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF NEW JERSEY

COUNTY OF BERGEN

On this ___10th_____ day of ___December_____, ___2013____, before me personally came

____Mary R. McKee____ to me known, who, being by me duly sworn, did depose and

say that she/he resides in__Saddle Brook, NJ__ that she/he is the Attorney In Fact of

XL Specialty Insurance Company the corporation described in and which executed the

above instrument that she/he knows the seal of said corporation; that the seal affixed to

said instrument is such corporate seal; that it was so affixed by order of the Board of

Directors of said corporation, and that she/he signed her/his name thereto by like order.

(SEAL)

Esther Caban
Notary Public of New Jersey
My Commission Expires
February 18, 2014

## XL SPECIALTY INSURANCE COMPANY
## STATUTORY STATEMENT OF ADMITTED ASSETS,
## LIABILITIES, CAPITAL AND SURPLUS
### December 31, 2012
### (U.S. Dollars)

| Assets: | | Liabilities: | |
|---|---|---|---|
| Bonds | 223,420,324 | Loss & loss adjustment expenses | 204,536,880 |
| Stocks | 68,982,279 | Reinsurance payable on paid loss and loss adjustment expenses | 1,627,985 |
| Cash and short-term investments | 62,647,461 | Unearned premiums | 37,359,450 |
| Receivable for securities | | Ceded reinsurance premium payable | |
| **Total Invested Assets** | **355,050,064** | Funds held by company under reinsurance treaties | |
| | | Payable for Securities | |
| | | Other Liabilities | 28,511,133 |
| | | **Total Liabilities** | **272,035,448** |
| Agents Balances | 29,008,573 | Capital and Surplus: | |
| | | Aggregate write-ins for special surplus funds | |
| Funds held by or deposited with reinsured companies | 39,015,242 | Common capital Stock | 5,812,500 |
| Reinsurance recoverable on loss and loss adjustment expense payments | | Gross paid in and contributed surplus | 127,387,019 |
| Accrued interest and dividends | 1,331,044 | Unassigned surplus | 35,468,090 |
| Other admitted assets | 16,298,134 | **Total Capital and Surplus** | **168,667,609** |
| **Total Admitted Assets** | **440,703,057** | **Total Liabilities, Capital and Surplus** | **440,703,057** |

I, Andrew Robert Will, Vice President and Controller of XL Specialty Insurance Company (the "Corporation") do hereby certify that to the best of my knowledge and belief, the foregoing is a full and true Statutory Statement of Admitted Assets, Liabilities, Capital and Surplus of the Corporation, as of December 31, 2012, prepared in conformity with the accounting practices prescribed or permitted by the Insurance Department of the State of Delaware. The foregoing statement should not be taken as a complete statement of financial condition of the Corporation. Such a statement is available upon request at the Corporation's principal office located at Seaview House, 70 Seaview Avenue, Stamford, CT 06902-06040.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Corporation at Stamford, Connecticut.

_____
Vice President and Controller

State of Connecticut

County of Fairfield

The foregoing financial information was acknowledged before me this 11th of March, 2013 by Andrew Robert Will of XL Specialty Insurance Company on behalf of the corporation.

_____
Notary Public



Power of Attorney
XL Specialty Insurance Company
Greenwich Insurance Company
XL Reinsurance America Inc.

THIS IS NOT A BOND NUMBER
UNLIMITED POWER OF ATTORNEY
XL1509484

KNOW ALL MEN BY THESE PRESENTS: That XL Specialty Insurance Company, Greenwich Insurance Company, Delaware insurance companies with offices located at 505 Eagleview Blvd., Exton, PA 19341, and XL Reinsurance America Inc., a New York insurance company with offices located at 70 Seaview Avenue, Stamford, CT 06902, do hereby nominate, constitute, and appoint:
Nicholas F. Walsh, Sherryanne M. DePirro, Maria L. Spadaccini, Alice McLaughlin, Mary R. McKee

each its true and lawful Attorney(s)-in-fact to make, execute, attest, seal and deliver for and on its behalf, as surety, and as its act and deed, where required, any and all bonds and undertakings in the nature thereof, , for the penal sum of no one of which is in any event to exceed UNLIMITED.

Such bonds and undertakings, when duly executed by the aforesaid Attorney (s) - in - Fact shall be binding upon each said Company as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary of the Company and sealed with its corporate seal.

The Power of Attorney is granted and is signed by facsimile under and by the authority of the following Resolutions adopted by the Board of Directors of each of the Companies on the 30th day of October 2013.

RESOLVED, that Gary Kaplan, David Hewett, William Mills, Gregory Boal and Kevin Mirsch are hereby appointed by the Board as authorized to make, execute, seal and deliver for and on behalf of the Company, any and all bonds, undertakings, contracts or obligations in surety or co-surety with others and that the Secretary or any Assistant Secretary of the Company be and that each of them hereby is authorized to attest the execution of any such bonds, undertakings, contracts or obligations in surety or co-surety and attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that Gary Kaplan, David Hewett, William Mills, Gregory Boal and Kevin Mirsch each is hereby authorized to execute powers of attorney qualifying the attorney named in the given power of attorney to execute, on behalf of the Company, bonds and undertakings in surety or co-surety with others, and that the Secretary or any Assistant Secretary of the Company be, and that each of them is hereby authorized to attest the execution of any such power of attorney, and to attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that the signature of such officers named in the preceding resolutions and the corporate seal of the Company may be affixed to such powers of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be thereafter valid and binding upon the Company with respect to any bond, undertaking, contract or obligation in surety or co-surety with others to which it is attached.

IN WITNESS WHEREOF, the XL SPECIALTY INSURANCE COMPANY and GREENWICH INSURANCE COMPANY has caused its corporate seal to be hereunto affixed, and these presents to be signed by its duly authorized officers this October 30th, 2013.

XL SPECIALTY INSURANCE COMPANY
GREENWICH INSURANCE COMPANY

By: _David S. Hewett_

SENIOR VICE PRESIDENT

Attest: _Toni Ann Perkins_

SECRETARY

STATE OF CONNECTICUT
COUNTY OF FAIRFIELD

On this 30th day of October, 2013, before me personally came David S. Hewett to me known, who, being duly sworn, did depose and say: that he is Senior Vice President of XL SPECIALTY INSURANCE COMPANY and GREENWICH INSURANCE COMPANY, described in and which executed the above instrument; that he knows the seals of said Companies; that the seals affixed to the aforesaid instrument is such corporate seals and were affixed thereto by order and authority of the Boards of Directors of said Companies; and that he executed the said instrument by like order.

KIM D. SLIVA
NOTARY PUBLIC
My Commission
Expires
June 30, 2016
STATE OF CONNECTICUT

_Kim D. Sliva_
NOTARY PUBLIC

STATE OF CONNECTICUT

SB-0034 - 3/11

## PRIVACY POLICY

The XL America, Inc. Insurance group (the "Companies"), believes personal information that we collect about our customers, potential customers, and proposed insureds (referred to collectively in this Privacy Policy as "customers") must be treated with the highest degree of confidentiality. For this reason and in compliance with the Title V of the Gramm-Leach-Bliley Act ("GLBA"), we have developed a Privacy Policy that applies to all of our companies. For purposes of our Privacy Policy, the term "personal information" includes all information we obtain about a customer and maintain in a personally identifiable way. In order to assure the confidentiality of the personal information we collect and in order to comply with applicable laws, all individuals with access to personal information about our customers are required to follow this policy.

### Our Privacy Promise

Your privacy and the confidentiality of your business records are important to us. Information and the analysis of information is essential to the business of insurance and critical to our ability to provide to you excellent, cost-effective service and products. We understand that gaining and keeping your trust depends upon the security and integrity of our records concerning you. Accordingly, we promise that:

1. We will follow strict standards of security and confidentiality to protect any information you share with us or information that we receive about you;
2. We will verify and exchange information regarding your credit and financial status only for the purposes of underwriting, policy administration, or risk management and only with reputable references and clearinghouse services;
3. We will not collect and use information about you and your business other than the minimum amount of information necessary to advise you about and deliver to you excellent service and products and to administer our business;
4. We will train our employees to handle information about you or your business in a secure and confidential manner and only permit employees authorized to use such information to have access to such information;
5. We will not disclose information about you or your business to any organization outside the XL Insurance group of Companies or to third party service providers unless we disclose to you our intent to do so or we are required to do so by law;
6. We will not disclose medical information about you, your employees, or any claimants under any policy of insurance, unless you provide us with written authorization to do so, or unless the disclosure is for any specific business exception provided in the law;
7. We will attempt, with your help, to keep our records regarding you and your business complete and accurate, and will advise you how and where to access your account information (unless prohibited by law), and will advise you how to correct errors or make changes to that information; and
8. We will audit and assess our operations, personnel and third party service providers to assure that your privacy is respected.

### Collection and Sources of Information

We collect from a customer or potential customer only the personal information that is necessary for (a) determining eligibility for the product or service sought by the customer, (b) administering the product or service obtained, and (c) advising the customer about our products and services. The information we collect generally comes from the following sources:

- Submissions — During the submission process, you provide us with information about you and your business, such as your name, address, phone number, e-mail address, and other types of personal identification information;
- Quotes — We collect information to enable us to determine your eligibility for the particular insurance product and to determine the cost of such insurance to you. The information we collect will vary with the type of insurance you seek;
- Transactions — We will maintain records of all transactions with us, our affiliates, and our third party service providers, including your insurance coverage selections, premiums, billing and payment information, claims history, and other information related to your account;

---

- Claims — If you obtain insurance from us, we will maintain records related to any claims that may be made under your policies. The investigation of a claim necessarily involves collection of a broad range of information about many issues, some of which does not directly involve you. We will share with you any facts that we collect about your claim unless we are prohibited by law from doing so. The process of claim investigation, evaluation, and settlement also involves, however, the collection of advice, opinions, and comments from many people, including attorneys and experts, to aid the claim specialist in determining how best to handle your claim. In order to protect the legal and transactional confidentiality and privilege associated with such opinions, comments and advice, we will not disclose this information to you; and
- Credit and Financial Reports — We may receive information about you and your business regarding your credit. We use this information to verify information you provide during the submission and quote processes and to help underwrite and provide to you the most accurate and cost-effective insurance quote we can provide.

### Retention and Correction of Personal Information

We retain personal information only as long as required by our business practices and applicable law. If we become aware that an item of personal information may be materially inaccurate, we will make reasonable effort to re-verify its accuracy and correct any error as appropriate.

### Storage of Personal Information

We have in place safeguards to protect data and paper files containing personal information.

### Sharing/Disclosing of Personal Information

We maintain procedures to assure that we do not share personal information with an unaffiliated third party for marketing purposes unless such sharing is permitted by law. Personal information may be disclosed to an unaffiliated third party for necessary servicing of the product or service or for other normal business transactions as permitted by law.

We do not disclose personal information to an unaffiliated third party for servicing purposes or joint marketing purposes unless a contract containing a confidentiality/non-disclosure provision has been signed by us and the third party. Unless a consumer consents, we do not disclose "consumer credit report" type information obtained from an application or a credit report regarding a customer who applies for a financial product to any unaffiliated third party for the purpose of serving as a factor in establishing a consumer's eligibility for credit, insurance or employment. "Consumer credit report type information" means such things as net worth, credit worthiness, lifestyle information (piloting, skydiving, etc.) solvency, etc. We also do not disclose to any unaffiliated third party a policy or account number for use in marketing. We may share with our affiliated companies information that relates to our experience and transactions with the customer.

### Policy for Personal Information Relating to Nonpublic Personal Health Information

We do not disclose nonpublic personal health information about a customer unless an authorization is obtained from the customer whose nonpublic personal information is sought to be disclosed. However, an authorization shall not be prohibited, restricted or required for the disclosure of certain insurance functions, including, but not limited to, claims administration, claims adjustment and management, detection, investigation or reporting of actual or potential fraud, misrepresentation or criminal activity, underwriting, policy placement or issuance, loss control and/or auditing.

### Access to Your Information

Our employees, employees of our affiliated companies, and third party service providers will have access to information we collect about you and your business as is necessary to effect transactions with you. We may also disclose information about you to the following categories of persons or entities:

- Your independent insurance agent or broker;

---

- An independent claim adjuster or investigator, or an attorney or expert involved in the claim;
- Persons or organizations that conduct scientific studies, including actuaries and accountants;
- An insurance support organization;
- Another insurer if to prevent fraud or to properly underwrite a risk;
- A state insurance department or other governmental agency, if required by federal, state or local laws; or
- Any persons entitled to receive information as ordered by a summons, court order, search warrant, or subpoena.

### Violation of the Privacy Policy

Any person violating the Privacy Policy will be subject to discipline, up to and including termination.

For more information or to address questions regarding this privacy statement, please contact your broker.

---

### FRAUD NOTICE

| State | Notice |
|---|---|
| Arkansas | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| Colorado | It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies. |
| District of Columbia | WARNING: It is a crime to provide false or misleading information to an insurer for the purpose of defrauding the insurer or any other person. Penalties include imprisonment and/or fines. In addition, an insurer may deny insurance benefits if false information materially related to a claim was provided by the applicant. |
| Florida | Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree. |
| Hawaii | For your protection, Hawaii law requires you be informed that presenting a fraudulent claim for payment of a loss or benefit is a crime punishable by fines or imprisonment, or both. |
| Kentucky | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime. |
| Louisiana | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| Maine | It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines, or denial of insurance benefits. |
| Maryland | Any person who knowingly and willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly and willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |

© 2009 X.L. America, Inc. All Rights Reserved.
May not be copied without permission.

| | |
|---|---|
| New Jersey | Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties. |
| New Mexico | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to civil fines and criminal penalties. |
| New York | All Commercial Insurance Forms, Except As Provided for Automobile Insurance: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

Automobile Insurance Forms: Any person who knowingly makes a false statement in an application for insurance may be guilty of a criminal offense and subject to penalties under state law. Penalty provisions vary depending upon the type of insurance involved.

Fire Insurance: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime. The proposed insured affirms that the foregoing information is true and agrees that these applications shall constitute a part of any policy issued whether attached or not and that any wilful concealment or misrepresentation of a material fact or circumstances shall be grounds to rescind the insurance policy. |
| Ohio | Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud. |
| Oklahoma | WARNING: Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony. |
| Pennsylvania | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

Automobile Insurance Forms: Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and the payment of a fine of up to $15,000. |

| | |
|---|---|
| Puerto Rico | Any person who knowingly and with the intention to defraud includes false information in an application for insurance or file, assist or abet in the filing of a fraudulent claim to obtain payment of a loss or other benefit, or files more than one claim for the same loss or damage, commits a felony and if found guilty shall be punished for each violation with a fine of no less than five thousand dollars ($5,000), nor to exceed ten thousand dollars ($10,000); or imprisoned for a fixed term of three (3) years, or both. If aggravating circumstances exist, the fixed jail term may be increased to a maximum of five (5) years; and if mitigating circumstances are present, the jail term may be reduced to a minimum of two (2) years. |
| Rhode Island | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| Tennessee | It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

Workers Compensation: It is a crime to knowingly provide false, incomplete or misleading information to any party to a workers compensation transaction for the purpose of committing fraud. Penalties include imprisonment, fines and denial of insurance benefits. |
| Utah | Workers Compensation: Any person who knowingly presents false or fraudulent underwriting information, files or causes to be filed a false or fraudulent claim for disability compensation or medical benefits, or submits a false or fraudulent report or billing for health care fees or other professional services is guilty of a crime and may be subject to fines and confinement in state prison. |
| Virginia | It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits. |
| Washington | It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits. |
| West Virginia | Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison. |
| All Other States | Any person who knowingly and wilfully presents false information in an application for insurance may be guilty of insurance fraud and subject to fines and confinement in prison. |

## U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC")

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Policyholder Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC and possibly the U.S. Department of State. Please read this Policyholder Notice carefully.

OFAC administers and enforces sanctions policy based on Presidential declarations of "national emergency". OFAC has identified and listed numerous

- Foreign agents
- Front organizations
- Terrorists
- Terrorist organizations
- Narcotics traffickers

as Specially Designated Nationals and Blocked Persons. This list can be found on the U.S. Department of the Treasury's web site - http://www.treas.gov/ofac.

The Secretary of the Treasury also has identified a number of entities in the insurance, petroleum, and petrochemicals industries determined to be owned or controlled by the Iranian government. Business transactions with any of these entities are expressly prohibited. These entities have been added to OFAC's list of Financial Institutions Determined To Be Owned or Controlled by the Government of Iran. This list can be found on the U.S. Department of the Treasury's web site - http://www.treas.gov/offices/enforcement/lists/.

In accordance with OFAC regulations, or any applicable regulation promulgated by the U.S. Department of State, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance will be immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, neither payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.