RONALD W. BEALS, Chief Counsel
DAVID GOSSAGE, Deputy Chief Counsel
LUCILLE Y. BACA, Assistant Chief Counsel (SBN 136282)
JANET WONG (SBN 124272)
DEREK S. VAN HOFTEN (SBN 226880)
595 Market Street, Suite 1700, San Francisco, CA  94105
Telephone:  (415) 904-5700, Facsimile:  (415) 904-2333
janet_wong@dot.ca.gov

Attorneys for Defendants CALIFORNIA DEPARTMENT OF TRANSPORTATION and MALCOLM DOUGHERTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED SOUZA, an individual; FRIENDS OF DEL NORTE; ENVIRONMENTAL PROTECTION INFORMATION CENTER, a non-profit corporation; CENTER FOR BIOLOGICAL DIVERSTY, a non-profit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION and MALCOLM DOUGHERTY, in his official capacity as Director of the State of California Department of Transportation; the NATIONAL MARINE FISHERIES SERVICE; and EILEEN SOBECK, in her official capacity as Assistant Administrator for Fisheries,[1]<br><br>Defendants. | No. 4:13-cv-04407-JD<br><br>**STIPULATION AND [PROPOSED] ORDER FOR A DISMISSAL WITHOUT PREJUDICE**<br><br>Judge: Hon. James Donato |

Defendants California Department of Transportation (collectively with Malcolm Dougherty, "Caltrans") began the process of re-initiation of consultation with the National Marine Fisheries Service (collectively with Eileen Sobeck, "NMFS") under the Endangered Species Act ("ESA") and the Magnuson-Stevens Fisheries Conservation Act ("MSA") in May 2014 for coho salmon and its designated critical habitat under the ESA and essential fish habitat under MSA, including preparation of a new biological assessment and essential fish habitat assessment by

---

[1] Under Fed. R. Civ. Proc. 25(d), Eileen Sobeck is automatically substituted for Samuel D. Rauch as Assistant Administrator for Fisheries.

Caltrans. In light of this event and at the suggestion of the Court, Plaintiffs, Caltrans, and NMFS (collectively as "Parties") believe, based on the interests of judicial efficiency and conservation of party resources, good cause exists for dismissal of the instant action without prejudice in accordance with the terms below ("Dismissal").

THE PARTIES HEREBY STIPULATE AND AGREE, IN ACCORDANCE WITH CIVIL LOCAL RULES 7-12, SUBJECT TO COURT APPROVAL:

1) This action is dismissed without prejudice to Plaintiffs' filing of a new Complaint.

2) With respect to any agency decisions or actions that were challenged in Plaintiffs' First Amended Complaint, Defendants shall not seek dismissal of any claim challenging such decisions or actions in Plaintiffs' new filed Complaint as untimely and/or barred by an applicable statute of limitations if it is filed within 90 days after Defendants provide written notice ("Notice") to Plaintiffs' counsel via email and U.S. Mail of a decision regarding the ESA and MSA consultation described above, unless such claim would have been untimely if brought in the First Amended Complaint in this action (ECF Doc. 74) The foregoing Notice shall include copies of: (1) any further biological assessment and/or essential fish habitat assessment prepared by Caltrans concerning the 197/199 Safe STAA Access Project ("Project"), whether superseded or final; (2) any letter of concurrence or biological opinion prepared by NMFS in response thereto, whether superseded or final; and (3) any further environmental document prepared by Caltrans concerning the Project pursuant to the National Environmental Policy Act ("NEPA"), the California Environmental Quality Act ("CEQA"), or any other law; or a statement by Caltrans that no such document is to be issued. Notice shall not be deemed to have been provided unless and until all of the foregoing documents are provided to Plaintiffs' counsel.

3) With respect to any agency decisions or actions made after Dismissal, any challenges to such subsequent agency decisions or environmental documents after Dismissal shall be governed by the applicable statutes of limitations. Defendants shall not seek dismissal of any

such claim so brought by Plaintiffs on the basis that the claim is brought through an amended or supplemental complaint, rather than a new filed complaint, if such claim is brought within 90 days of the Notice described above in Paragraph 2. However, if a statute applicable to such claims requires advance written notice of such claims, such as the 60-day notice requirement of 16 U.S.C. § 1540(g), Plaintiffs must still provide such notice prior to supplementing their complaint with such claims. Federal Defendants reserve the right to seek dismissal of such claims on any basis, including for failure to provide the requisite notice, but agree not to seek dismissal on the basis that the claims are brought through an amended or supplemental complaint, rather than a new filed complaint. For claims brought more than 90 days after the Notice described above in Paragraph 2, amendment or supplementation of the Complaint shall be governed by Federal Rule of Civil Procedure 15.

4) The Order Granting Preliminary Injunction (ECF Doc. 87) shall continue in force until the Court issues an order terminating or modifying the injunction upon motion or stipulation, unless a new Complaint is not filed by Plaintiffs within 90 days after Defendants provide notice as described above in Paragraph 2, in which case it shall be automatically terminate.

5) The Dismissal in this proceeding is without prejudice to the rights (if any) of any Party to attorneys' fees and/or costs and the rights of any Party to make a motion for an award of attorneys' fees and/or costs after the Dismissal.  The Parties shall meet and confer regarding any claim for attorneys' fees and/or costs within 30 days of this Order.  Plaintiffs' counsel shall provide appropriate factual and legal support for any claim for fees, and the Parties shall make reasonable effort, including mediation, to resolve any claims prior to filing motions for fees.

6) The Court shall retain jurisdiction of this case for determination of issues, including any motions related to the Preliminary Injunction or attorneys' fees and/or costs.

7) Other than as specified above, Defendants reserve the right to oppose or seek dismissal of a proposed amendment or filed Complaint on appropriate grounds.

**STIPULATION AND [PROPOSED] ORDER FOR A DISMISSAL WITHOUT PREJUDICE**

Respectfully Submitted,

DATED: July, 8, 2014

/s/ Stuart Gross
Stuart G. Gross,
GROSS LAW
Attorney for Plaintiffs TED SOUZA, et al.

DATED: July 8, 2014                 /s/ Janet Wong
Janet Wong, Attorney for Defendants
CALIFORNIA DEPARTMENT OF
TRANSPORTATION and MALCOLM
DOUGHERTY

DATED: July 8, 2014                 /s/ Daniel Pollak
Daniel J. Pollak, Attorney for Federal Defendants
NATIONAL MARINE FISHERIES SERVICE and
EILEEN SOBECK

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: _____

James Donato
UNITED STATES DISTRICT JUDGE

*CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION*
*595 Market Street, Suite 1700, San Francisco, California 94105*
*Telephone: (415) 904-5700, Facsimile: (415) 904-2333*