JOHN CRUDEN,
Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
DANIEL J. POLLAK, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0201 (tel)
(202) 305-0275 (fax)

Attorneys for Federal Defendants

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TED SOUZA; FRIENDS OF THE DEL NORTE; ENVIRONMENTAL PROTECTION INFORMATION CENTER, a non-profit corporation; and CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, <br><br>  Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF TRANSPORTATION; MALCOM DOUGHTERY, in his official capacity as Director of the State of California Department of Transportation; the NATIONAL MARINE FISHERIES SERVICE; and EILEEN SOBECK,[1] in her official capacity as Assistant Administrator for Fisheries, <br><br>  Defendants. | CASE NO. 3:13-cv-4407-JD <br><br> **STIPULATION AND [PROPOSED] ORDER AS TO ATTORNEYS' FEES AND COSTS** |

---

[1] Eileen Sobeck has been automatically substituted for Samuel D. Rauch pursuant to Federal Rule of Civil Procedure 25(d).

WHEREAS, Plaintiffs, an individual and non-profit public interest organizations, filed an action on September 23, 2013, against the California Department of Transportation ("CalTrans") and Malcolm Dougherty, in his official capacity as Director of CalTrans (collectively, the "State Defendants"); and against the National Marine Fisheries Service ("NMFS"), and Eileen Sobeck, in her official capacity as NMFS Assistant Administrator for Fisheries (collectively, the "Federal Defendants"), concerning a project proposed by CalTrans to modify U.S. Route 199 and State Route 197 at seven sites in Del Norte County, CA, along the Smith River (the "Proposed Project"), *see* Dkt. 1.;

WHEREAS, Plaintiffs' Complaint asserts that the Plaintiffs filed this action in pursuit of their public interest objectives;

WHEREAS, Plaintiffs' Complaint asserted seven causes of action, all under the Administrative Procedure Act: (1) failure to adequately engage in Endangered Species Act ("ESA") consultation (against NMFS); (2) failure to adequately engage in consultation under § 305 of the Magnuson-Stevens Fishery Conservation and Management Act ("MSA") (against all Defendants); (3) failure to adequately engage in Wild and Scenic Rivers Act consultation (against the State Defendants); (4) failure to prepare an Environmental Impact Statement pursuant to the National Environmental Policy Act ("NEPA") (against the State Defendants); (5) failure to prepare an adequate Environmental Assessment pursuant to NEPA (against the State Defendants); (6) failure to comply with the Department of Transportation Act as required by NEPA (against the State Defendants); and (7) failure to comply with NEPA, the ESA, the MSA, the Wild and Scenic Rivers Act, and the Department of Transportation Act (against all Defendants);

WHEREAS, Plaintiffs filed a Motion for Preliminary Injunction on March 19, 2014;

WHEREAS, the Court granted Plaintiffs' Motion for Preliminary Injunction on May 2, 2014 (the "PI Order");

WHEREAS, in response to the PI Order, on May 22, 2014, CalTrans agreed to request reinitiation of consultation with NMFS under Section 7 of the ESA concerning the Proposed Project's potential impact on coho salmon threatened with extinction and their critical habitat and consultation with NMFS concerning the Proposed Project's impact on Pacific salmon essential fish habitat under the MSA;

WHEREAS, following a conference with the Court, the parties entered into a stipulated order that *inter alia* provided for the injunction to remain in place and dismissed Plaintiffs' claims without prejudice and subject to a tolling agreement, and the stipulated order was entered by the Court on July 9, 2014, *see* DKT. 97 (the "Stipulated Order");

WHEREAS, Plaintiffs' Complaint and other filings asserted that they filed this action for the purpose of advancing the public interest in requiring CalTrans and NMFS to meet their obligations under federal law to adequately assess the Proposed Project's environmental impacts, including, without limitation, its impacts on the salmonids of the Smith River;

WHEREAS, Federal Defendants Answer and other filings asserted that they were and remain in compliance with all applicable laws and regulations concerning the Proposed Project;

WHEREAS, on September 26, 2014, Plaintiffs filed a Motion for an Award of Attorneys' Fees and Reimbursement of Costs Under the Equal Access to Justice Act ("Plaintiffs' Motion for Fees and Costs");

WHEREAS, Plaintiffs' Motion for Fees and Costs included a proposed order seeking that the Court find State Defendants and Federal Defendants jointly and severally responsible for the payment of Plaintiffs' claim for attorneys' fees and costs;

WHEREAS, Federal Defendants and Plaintiffs (collectively, the "Settlement Parties"), believe it is in the interests of judicial economy, the public interest, and the Settlement Parties' interests to avoid further litigating Plaintiffs' Motion for Fees and Costs;

WHEREAS, Plaintiffs represent that as a good faith effort to resolve Plaintiffs' Motion for Fees and Costs, the law firm of COTCHETT, PITRE & McCARTHY, LLP has waived all of its attorneys' fees incurred in this action through the date of this Stipulation and Order;

THEREFORE, the Settlement Parties hereby stipulate to the following, subject to Court approval:

1. The Federal Defendants shall pay Plaintiffs the amount of $130,000 in settlement of Plaintiffs' claim for an award of litigation costs incurred in this action to date, including $115,000 in attorneys' fees, and $15,000 in other litigation costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (the "Payment").

2. The Payment shall be made by the Federal Defendants via electronic funds transfer to Gross Law, P.C., in accordance with the payment information provided by Gross Law, P.C., for appropriate distribution.

3. The Federal Defendants shall submit all necessary paper work for the processing of the Payment to the appropriate office(s) within ten (10) business days following entry of this Order.

4. Upon entry of this Order, the Federal Defendants shall be released of any and all claims for costs, including attorneys' fees, incurred in this action through the date of this Stipulation and Order that Plaintiffs may have against any and all Federal Defendants. Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Stipulation and Order. The Federal Defendants do not waive any right to contest any such fees claimed by

Plaintiffs or Plaintiffs' counsel, including the hourly rate, with the sole exception that Federal Defendants shall not argue that any such claims for fees is released by virtue of this Stipulation and Order.

5. Within ten (10) business days after entry of this Order, Plaintiffs shall dismiss Plaintiffs' Motion for Fees and Costs with prejudice with respect to the claims for attorneys' fees and costs against Federal Defendants and withdraw the Proposed Order (ECF No. 98-1) filed on September 26, 2014.

6. Upon entry of this Order, the Federal Defendants cannot and will not be held jointly and severally liable for any remaining claims against the State Defendants for attorneys' fees and costs incurred in this case, through and including the date of this Stipulation and Order.

7. No provision in this Stipulation and Order shall be interpreted as or constitute a commitment or requirement that the Federal Defendants obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

8. The Court shall retain jurisdiction to enforce and oversee compliance with the terms and conditions of this Stipulation and Order.

9. This Stipulation does not constitute an admission by any party to any fact, claim, assertion of violation of any statute or regulation, or defense in this lawsuit, including without limitation any claim to entitlement to attorneys' fees and costs, as well as any defense thereto. Accordingly, the Settlement Parties agree that this Stipulation has no precedential value as to attorneys' fees and costs and shall not be used as evidence in any other attorneys' fees litigation against any agency or officer of the Federal Government.

10. The Settlement Parties, by their duly authorized representatives, agree to this Stipulation.

11. The provisions of this Stipulation shall apply to and be binding upon the Settlement Parties including, but not limited to, their officers, directors, servants, employees, successors, and assigns.

12. This Stipulation constitutes the entire agreement of the Settlement Parties concerning the rights and obligations discussed herein.  No other agreement shall govern the rights of the Settlement Parties with respect to the matters resolved by this Stipulation, except in accordance with the terms herein.

Dated: April 14, 2015

Respectfully Submitted,

JOHN CRUDEN,
Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN,
Assistant Chief

/s/ *Daniel Pollak*
DANIEL POLLAK
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0201 (tel)
(202) 305-0275 (fax)
daniel.pollak@usdoj.gov

Attorneys for Federal Defendants

GROSS LAW

/s/ *Stuart G. Gross* (with permission)
STUART G. GROSS (#251019)
(sgross@gross-law.com)

STIPULATION AS TO ATT'YS' FEES & COSTS—No. 3:13-cv-4407-JD                    Page 6

The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
t (415) 671-4628
f (415) 480-6688

Attorney for Plaintiffs

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: April 20, 2015

JAMES DONATO
United States District Judge

